## 17667

Henry Cleveland GUNN, Respondent, v. F. C. BURNETTE, and One
(1) Ford Wrecker, Bearing 1959 S. C. License No. SME 1818,
Appellants

(115 S. E. (2d) 171)

*Messrs. Murdaugh, Eltzroth & Peters,* of Hampton, *for
Appellants,*

*Messrs. Joseph N. Malphrus* and *D. N. Rivers,* of Ridge-land, *for Respondent,*

June 10, 1960.

STUKES, Chief Justice.

This is an appeal from the refusal of motion to dissolve the attachment of the defendant Ford Wrecker. In the statement in the transcript of record it is said that the individual defendant contracted to change two damaged tires upon plaintiff's truck and in using the defendant wrecker to hoist plaintiff's truck he operated the wrecker in a reckless, etc., manner causing damage to the truck. It was alleged in the complaint that the wrecker was being used to hoist plaintiff's truck. We assume that the accident happened on a road or highway, although the record does not so show. The ground of the motion to dissolve the attachment was that the damages were not occasioned by the operation of a motor vehicle as contemplated by the attachment statute.

The parties in their respective briefs state the question for decision as follows:

"When a wrecker is being used to hoist another vehicle by contractual agreement to change the tires thereon, is it being operated as a motor vehicle as contemplated by Section 45-551 of the South Carolina Code of Laws, 1952?"

The cited code section creates a lien upon the vehicle for damages inflicted, quoting from the statute, *"When a motor vehicle is operated* in violation of the provisions of law or negligently," etc. (Emphasis added.) The original enactment

was an act of 1912, 27 Stat. 737, entitled, "An act to further regulate the running of motor vehicles in this state." It was the subject of construction in the early case of *Merchants' & Planters' Bank v. Brigman,* 106 S. C. 362, 91 S. E. 332, L. R. A. 1917-E, 925. It was held that the act was passed for the protection of people traveling on the public highways and is reasonably necessary for the protection and safety of the traveling public. It was said to be a proper regulation of the operation of a dangerous instrumentality on the highways and reference was made to the negligence of persons driving dangerous machines. This construction seems to us to negate the inclusion within the term "motor vehicle", for the purpose of the statute, of a stationary machine, such as that here at the time of the accident.

Many years later, in *Fruehauf Trailer Co. v. South Carolina Electric & Gas Co.,* 223 S. C. 320, 75 S. E. (2d) 688, it was held that there was included in the term "motor vehicle" in the statute a trailer which, although a separate unit, was attached to a truck-tractor and became a part of a combination which together made a vehicle for the transportation of persons or property over the highways. The reasoning of the opinion is suggestive of the conclusion that the trailer, if unattached to the truck-tractor would not then come within the term "motor vehicle", as used in the statute. Conversely here, the wrecker may be put to a use, and probably more frequently is, such as traveling to the scene of a wreck or towing therefrom a disabled vehicle, which might bring it within the statutory term "motor vehicle," but this we need not now decide. However, under the circumstances of this case, we do not think that it was at the time of the alleged tort. It was not being operated as a motor vehicle, which are the words of the statute authorizing attachment, *supra.* "To 'operate motor vehicle' usually means person must so manipulate machinery that power of motor is applied to wheels to move automobile forward or backward  *  *  *." *State v. Sullivan,* 146 Me. 381, 82 A. (2d) 629.

The word "vehicle" is derived from the Latin word "ve-here", meaning to carry, and Webster defines the noun as that in or on which a person or thing is or may be carried from one place to another, etc. In 60 C. J. S., Motor Vehicles, § 1, p. 109 a motor vehicle is defined as one which is operated by a power developed within itself and used for the purpose of carrying passengers or materials. The only decision within our knowledge in which it was undertaken to define a "wrecker" in any manner is *Gossett v. Van Egmond,* 176 Or. 134, 155 P. (2d) 304; it held that a "wrecker" within a statute requiring signs or signals to warn of towing operations when the highway is obstructed means motor vehicles equipped for removing wrecked or disabled vehicles, not ordinary automobiles.

As indicated, we conclude that upon the occasion in question in this case the wrecker defendant was not being operated as a motor vehicle within the terms of the attachment statute.

The order under appeal is reversed and the attachment dissolved.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.