21145

The CHARLESTON COUNTY SCHOOL DISTRICT and Coburg Dairy, Inc., Respondents, v. The SOUTH CAROLINA STATE DAIRY COMMISSION and Daniel R. McLeod, as Attorney General of South Carolina, Defendants, of whom Daniel R. McLeod, Attorney General, is, Appellant.

(262 S. E. (2d) 901)

*Deputy Atty. Gen. Victor S. Evans* and *Asst. Atty. Gen. Judith Evans Finuf,* Columbia, *for appellant.*

*Augustine T. Smythe,* of *Buist, Moore, Smythe & McGee,* Charleston, *for respondent Charleston County School District.*

*Robert L. Clement, Jr.,* of *Young, Clement & Rivers,* Charleston, *for respondent Coburg Dairy, Inc.*

*Thomas E. McCutchen*, of *Whaley, McCutchen & Blanton*, Columbia, *for defendant S. C. Dairy Commission.*

February 11, 1980.

*Per Curiam:*

During the summer of 1978, plaintiff Charleston County School District and plaintiff Coburg Dairy, Inc. entered into a contract providing for the sale and purchase of milk products for the school year commencing the following September. These two plaintiffs brought this action on August 24, 1978, against the South Carolina Dairy Commission and Daniel R. McLeod in his capacity as Attorney General for the State. They alleged, on information and belief, that the Commission, on advice of the Attorney General, was considering charging them with having entered into an illegal contract, subjecting them to penalties and prosecution as provided under §§ 39-33-40 and 39-33-50, *Code of Laws of South Carolina* (1976). These sections are a part of Chapter 33 of our Code, which deals with milk and milk products marketing. The chapter grants to the South Carolina Dairy Commission the authority to determine certain minimum prices to be charged for milk. Plaintiffs prayed the court to issue its decree ". . . interpreting paragraph (5) of Section 8(a) of the Freedom of Information Act . . . and declaring the rights of the parties plaintiff in the premises."

The Dairy Commission, answering through its own attorney, prayed that the court make an appropriate determination. It was the contention of the Commission that Coburg should have bid at least $35,000.00 more than the bid which was submitted and accepted.

The Attorney General, answering in his own right, prayed the court to issue its order interpreting the Freedom of Information Act.

The milk products have now been supplied according to the contract, and the price agreed upon has been paid and the contract has ended.

Upon a hearing in the lower court, the circuit judge ruled that the contract was valid. The Dairy Commission has not appealed. The Attorney General has taken exception to the circuit court order, alleging in essence that, even though the price agreed upon was legal at the time it was accepted in closed session, it was not legal at the time it was ratified in open session. The Dairy Commission, between the time of the closed session and the time of the open session had raised the minimum price permitted.

For the purpose of considering this appeal, we have assumed, without so deciding, that this is a proper subject for a declaratory judgment. We need not delicately decide whether it is or is not a proper subject, inasmuch as the result would be the same. As indicated hereinabove, the circuit judge decided the issue adversely to the Dairy Commission. The Commission, having failed to appeal the order, is bound by the directive. We are not at all sure that the Attorney General of this State is a proper party-litigant under the facts. At most, this court could advise him whether the School District and Coburg were guilty of misconduct for which penalties and/or prosecution might be pursued. This we refuse to do. Our ruling could be, at most, only an advisory opinion. Any dispute which may have existed between the School District and Coburg and the Dairy Commission has been settled by the lower court.

Appeal dismissed.