22136

Roy WALTON, Jr., Appellant, v. Sharon WALTON, Respondent.
(318 S. E. (2d) 14)

Supreme Court

166

*J. Roy Berry* and *W. Ray Berry* of *Berry & Berry,* Columbia and *Charles W. Coleman* of *Coleman & Herlong,* Edgefield, *for appellant.*

*Griffith, Coleman, Sawyer & Griffith,* Saluda, *for respondent.*

Heard June 6, 1984.

Decided July 3, 1984.

NESS, Justice:

This is a domestic case. Appellant, Roy Walton, Jr., contends the trial court erred in: (1) awarding respondent, Sharon Walton, a one-half interest in real property he owned *prior* to the marriage; (2) arbitrarily valuing, for the purposes of equitable distribution, certain farm equipment jointly purchased by the parties during the marriage; (3) requiring him to provide support for his wife's illegitimate child, despite the fact that the child was not legally adopted; and (4) awarding respondent attorney's fees. We agree and reverse as to the real property award, the farm equipment valuation, and the child support obligation and remand the valuation issue for re-determination.

The parties were married in 1973, at which time Mrs. Walton and her illegitimate son left their home to move in with Mr. Walton. During the eight year marriage Mrs. Walton not only performed the housekeeping chores, but also contributed to the maintenance of her husband's farm.

Appellant first claims the trial court erroneously awarded Mrs. Walton a one-half interest in the marital home and a surrounding five acre tract which he owned prior to the marriage. We agree.

S. C. Code Ann. § 20-7-420 (1983 Supp.) empowers the family court to determine the respective rights of the divorcing parties in the property of the marriage, which we have previously defined as property acquired "during coverture." *Wilson v. Wilson*, 270 S. C. 216, 221, 241 S. E. (2d) 566, 568 (1978); *Burgess v. Burgess*, 277 S. C. 283, 286 S. E. (2d) 142 (1982).

The record indicates Mr. Walton owned the home and surrounding acreage in question prior to his marriage to Mrs. Walton. Consequently, we hold the trial court erroneously awarded Mrs. Walton an equitable interest in this property.

Appellant next argues the trial court erred in arbitrarily valuing certain farm equipment purchased by the parties during the marriage. We agree.

At trial, Mrs. Walton, after initially stating she "really [didn't] know" the present value of certain farm equipment purchased by the parties during the marriage, testified the equipment had a market value of $12,000. Mr. Walton later stated he believed the equipment was worth only approximately $3,000. The trial court, relying solely on Mrs. Walton's unsubstantiated appraisal, valued the equipment at $12,000 and awarded her a one-half interest in this property.

Generally, "a property owner, who is *familiar* with his property and its value, may give his estimate as to its value ... even though he is not otherwise an expert." (Emphasis added). *Whisenant v. James Island Corporation*, 277 S. C. 10, 13, 281 S. E. (2d) 794, 796 (1981); *Rogers v. Rogers*, 280 S. C. 205, 311 S. E. (2d) 743 (S. C. App. 1984). Although Mrs. Walton contributed funds toward the purchase of the farm equipment, her knowledge of its value and condition was minimal, at best. Additionally, at oral argument it was determined that neither party was willing to accept this equipment in satisfaction of their respective claims. In light of these facts, we hold the trial court's valuation of the farm equipment was not supported by competent evidence and remand this issue for re-determination.

Appellant next maintains the trial court erred in requiring him to pay child support to his wife for her illegitimate child. We agree.

As previously stated, Mrs. Walton and her illegitimate son, who was not fathered by Mr. Walton, moved to the Walton residence in 1973. A few years later, when the child was preparing to enroll in school, Mrs. Walton persuaded her husband to sign a form which changed the name on the child's birth certificate to Walton. It is uncontroverted that Mr. Walton never legally adopted the child.

In its order the trial court determined Mr. Walton to be responsible for the support of the child, basing its conclusion on: (1) S. C. Code Ann. § 20-1-60 (1976), and alternatively (2) the doctrine of equitable estoppel.

S. C. Code Ann. § 20-1-60 provides: "[i]f the *parents of an illegitimate child subsequently marry,* the child shall become legitimate as if born in lawful wedlock...." (Emphasis added).

In construing a statute, the words must be given their plain and ordinary meaning, without resort to subtle or forced construction for the purpose limiting or expanding its operation. *Investors Premium Corporation v. S. C. Tax Commission,* 260 S. C. 13, 193 S. E. (2d) 642 (1973); *Smith v. Eagle Construction Company, Inc.,* 318 S. E. (2d) 8 (S. C. 1984). Clearly the trial court strained the meaning of the term "parent" within the context of this section to conclude a non-biological step-father could legitimize an illegitimate child simply by marrying the child's mother. We hold this theory provides no support for the trial court's ruling.

Similarly, the trial court's child support award cannot be sustained on the theory of equitable estoppel. "The elements of an equitable estoppel as related to the party claiming the estoppel are (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) [justifiable] reliance upon the conduct of the party estopped; and (3) the ... [prejudicial] change [in] position of the party claiming the estoppel." *Murphy v. Hagan,* 275 S. C. 334, 338, 271 S. E. (2d) 311, 313 (1980); *see also Cooper v. Tindall, et al.,* 267 S. C. 196, 226 S. E. (2d) 888 (1976).

We fail to see how Mrs. Walton can claim her husband's acquiescence in the child's name change estops his contesting the child support award, as undoubtedly she

knew, or should have known this process was not tantamount to a legal adoption. Additionally, we do not feel the husband's friendly behavior toward the child, who knew the identity of his true father, should be construed as a misrepresentation upon which to rest a claim of estoppel, and hold the husband owes no support obligation to the wife's illegitimate child.

Appellant's final argument concerning the trial court's award of attorney's fees is dismissed, as the validity of this award was conceded by appellant's counsel at oral argument.

Accordingly, we reverse as to the real property award, the farm equipment valuation and the child support obligation, and remand the farm equipment valuation issue for re-determination.

Affirmed in part, reversed in part & remanded.

LITTLEJOHN, C. J., GREGORY and HARWELL, JJ., and ALEX-ANDER M. SANDERS, Jr., as Acting Associate Justice, concur.