0724

Carolyn W. DWYER, Appellant v. TOM JENKINS REALTY, INC., Century 21 Market Place, Inc., and Consolidated Multiple Listing Service, Respondents.

(344 S. E. (2d) 886)

Court of Appeals

*Ann L. Furr,* of *Furr & Delgado,* Columbia, *for appellant.*

*Steven M. Anastasion,* of *Callison, Tighe, Rush, Robinson & Anastasion,* and *Steven B. Licata,* of *Finkel, Georgaklis, Goldberg, Sheftman & Korn, P.A.,* Columbia, *for respondents.*

Heard March 26, 1986.

Decided May 27, 1986.

GOOLSBY, Judge:

This appeal by Carolyn Dwyer involves a negligence action brought by Dwyer against the respondents Tom Jenkins Realty, Inc., and Consolidated Multiple Listing Service, Inc. (CMLS). Dwyer alleged in her second amended complaint that she contracted with Tom Jenkins Realty, a member of CMLS, to list her home for sale and that her contract with Tom Jenkins Realty gave it and all other CMLS members the right to enter her home. Her second amended complaint further alleged that the negligence of Tom Jenkins Realty and CMLS in supervising access to a lockbox, which was placed by Tom Jenkins Realty on the front door to her home and contained her house keys, caused her to suffer the loss of certain jewelry and coins while her home was listed for sale. The case was first heard by the Master in Equity for Richland County who recommended that Tom Jenkins Realty and CMLS be held jointly liable to Dwyer. The circuit judge did not adopt the master's report and instead entered judgment against Dwyer in favor of Tom Jenkins Realty and CMLS.

The circuit judge found that no contractual relationship existed between Dwyer and CMLS, that neither Tom Jenkins Realty nor CMLS, assuming Dwyer had a contract with CMLS, breached any duty with Dwyer, and that Dwyer assumed the risk of the loss she incurred when she agreed to have the lockbox installed at her home. As we interpret his

order, the circuit judge also found that, in any case, Dwyer failed to carry the burden of establishing that her loss was the proximate result of the negligence of Tom Jenkins Realty and CMLS because Dwyer's loss was as reasonably attributable to an act for which Tom Jenkins Realty and CMLS were not liable as it was to an act for which they were liable. *See Messier v. Adicks,* 251 S. C. 268, 271, 161 S. E. (2d) 845, 846 (1968) ("where the cause of plaintiff's injury may be as reasonably attributed to an act for which defendant is not liable as to one for which he is liable, plaintiff has failed to carry the burden of establishing that his injuries were the proximate result of defendant's negligence").

Dwyer questions on appeal only the findings by the circuit judge that no contract existed between her and CMLS, that Tom Jenkins Realty breached no duty with her, and that she assumed the risk. Dwyer does not question by any proper exception the findings of fact that CMLS breached no duty it owed her in the event a contract did exist between her and CMLS and that no act or omission on the part of either Tom Jenkins Realty or CMLS proximately caused Dwyer's loss.

Assuming the circuit court made erroneous findings concerning the existence of a contract between Dwyer and CMLS, the breach of any duty owed by Tom Jenkins Realty to Dwyer, and Dwyer's assumption of the risk involved, reversible error did not occur because those findings would not change the judgment. *See* 5 Am. Jur. (2d) *Appeal and Error* § 819 at 260 (1962) ("erroneous findings by the trial court ... are [not] reversible error where the inclusion of such findings ... would not change the judgment ..."). Unchallenged alternative findings made by the circuit judge still support the judgment. *See Dawson Industries, Inc. v. Godley Construction Co., Inc.,* 29 N. C. App. 270, 224 S. E. (2d) 266 (1976), *cert. denied,* 290 N. C. 551, 226 S. E. (2d) 509 (1976) (when unchallenged findings are sufficient to support the judgment, the judgment will not be disturbed because another finding, which does not affect the conclusion, is not supported by the evidence); 5 Am. Jur. (2d) *Appeal and Error* § 727 at 171 (1962) ("[w]here a decision is based on two grounds, either of which, independent of the other, is sufficient to support it, it will not be reversed on appeal because one of those grounds is erroneous"); *cf. Cash v. Kim,* 342

S. E. (2d) 61 (S. C. Ct. App. 1986) (jury verdict upheld where unchallenged theories of liability supported verdict against defendants).

Accordingly, the judgment below is

Affirmed.

SHAW and CURETON, JJ., concur.