2126

Edna BURTON, Appellant v. COUNTY OF ABBEVILLE, Abbeville County Council and Zoning Board of Appeals, Respondents.

(440 S.E. (2d) 396)

Court of Appeals

*C. Rauch Wise,* of *Wise & Tunstall,* Greenwood, *for appellants.*

*Steven E. Mundy,* of *Hawthorne & Mundy,* Abbeville, *for respondents.*

Heard Dec. 7, 1993. Decided Jan. 24, 1994.

Reh. Den. Mar. 3, 1994.

CURETON, Judge:

Appellant, Edna Burton (Burton) requested a variance which was denied by the County's Zoning Administrator. In an appeal to the respondent, County Zoning Board of Appeals (Board), the Board ruled Burton's operation of a commercial motorcross racetrack was not a permitted use under the applicable county zoning ordinance and sustained the action of the administrator. The circuit court affirmed the decision of the Board. On appeal to this court, Burton argues: (1) the zoning ordinance is invalid and unenforceable, because the county has not adopted a comprehensive zoning plan; and (2) the zoning ordinance permits the operation of the racetrack. We affirm.

I. *Failure To Adopt A Comprehensive Land Use Plan*

Burton first argues that neither the Board nor the circuit court addressed the issue of whether or not the County adopted a Comprehensive Land Use Plan as a prerequisite for adoption of the 1973 zoning ordinance. Assuming this to be true, Burton did not seek a ruling by posttrial motion and, therefore, the issue is not preserved for

appeal. *See Capital View Fire Dist. v. County of Richland,* 297 S.C. 359, 377 S.E. (2d) 122 (Ct. App. 1989) (an issue was not preserved for appeal where the trial court did not address the issue in its order and the appellant did not request the trial court to rule on it).

Moreover, subsequent to oral argument in this case, the respondents, with consent of Burton, petitioned this court; and we granted permission to supplement the record on appeal with the following documents:

(a) Abbeville County Development Plan dated June 30, 1973;
(b) Land Use Plan Update, Abbeville County, dated May 1977; and
(c) Abbeville County Development Plan dated April 8, 1991.

We have reviewed these documents and conclude there is no merit to Burton's argument that the County had not adopted a Comprehensive Land Use Plan prior to the adoption of the zoning ordinance in 1973. In so ruling, we note that Burton does not challenge the ordinance on the ground that the Land Use Plan was inadequate or that the County has not conducted a five-year review of the plan and, therefore, we express no opinion on those matters.

## II. *The Racetrack As A Permitted Use*

Burton argues that her commercial racetrack is a recreational use permitted under the ordinance.[1] She also argues the Board and the circuit court erred in relying solely on the fact that a racetrack is not listed as a permitted use in the zoning ordinance in making their rulings. We reject both arguments.

We first note that our standard of review on this question is whether any evidence supports the decision of the Board. *See* S.C. Code Ann. § 6-7-780 (1976); *Fairfield Ocean Ridge, Inc. v. Town of Edisto Beach,* 294 S.C. 475, 366 S.E. (2d) 15 (Ct. App. 1988). Moreover, the question of

---

[1] She argues that if she cannot operate her racetrack in a forest and agricultural zone, then there is no other zone suitable for operation of a racetrack and, thus, the county has effectively zoned out a legitimate business enterprise from operating anywhere in the county.

whether a particular use is permitted under a zoning ordinance is a matter within the sound discretion of the Board, and its decision must stand unless arbitrary or clearly erroneous. *Bishop v. Hightower*, 292 S.C. 358, 356 S.E. (2d) 420 (Ct. App. 1987).

Burton's racetrack is situated in a forest and agricultural district. The express intent of the ordinance is that such districts "be utilized and reserved for general farming and tree growing purposes as well as *certain specialized* residential, *recreational* or other public purposes." (Emphasis added.) In addition, the ordinance seeks to "discourage *any* encroachment by *premature . . . commercial . . .* uses *capable* of adversely affecting the basic agricultural or open character of the District." (Emphasis added.) The ordinance lists certain permitted uses, but none of them expressly permit a racetrack or similar commercial enterprise. From our review of the record, we are convinced that neither the Board nor the circuit court relied solely on the fact that the racetrack was not listed as a permitted use in the ordinance.

Counsel for the respondents virtually conceded at oral argument that a motorcross racetrack operation could conceivably fit within the types of uses permitted in a forest and agricultural district. He argues, however, that we should nevertheless sustain the trial court on the basis that both the Board and circuit court concluded that a racetrack operation is incompatible with other uses in the district and would adversely affect the basic agricultural or open character of the district. We agree.

Assuming the Board did not explicitly base its decision on the above-noted provision[2] of the ordinance which permits the Board to restrict a permitted use within a forest and agricultural district, if such use is "capable of adversely affecting the basic agricultural or open character of the district," we elect to affirm on that basis. *See* Rule 220(c), SCACR. Relying on the express intent of the zoning ordinance, the circuit court held that a motorcross racetrack was

---

[2] Clearly, the circuit court's order relies upon this provision. Also, the Board's order affirming the zoning administrator states "The variance, if granted, would tend to alter unfavorably the essential character of the immediate surrounding locality which is rural with predominately agricultural and residential use."

"an encroaching commercial [operation] capable of adversely affecting the basic agricultural and open character of the district." Burton never mentions or challenges this ruling in her brief, and, therefore, it is the law of this case. Rule 207(b)(1)(iv), SCACR; *Biales v. Young*, — S.C. —, 432 S.E. (2d) 482 (1993); *Godfrey v. Heller*, — S.C. —, 429 S.E. (2d) 859 (Ct. App. 1993). Moreover, the evidence that the racetrack has caused noise, littering, and traffic problems in the area supports this ruling.

For all of the foregoing reasons, the appealed order is

Affirmed.

HOWELL, C.J., and GOOLSBY, J., concur.