## 2397

Bonnie J. DYE Appellant v. H. Harold GAINEY, Respondent.
(463 S.E. (2d) 97)

Court of Appeals

*David W. Keller, Jr.* and *S. Porter Stewart, II,* both of *Mc-Gowan, Keller, Eaton & Stewart,* Florence, *for appellant.*

*W. Carole Holloway,* Darlington, *for respondent.*

Submitted Sept. 12, 1995.

Decided Oct. 16, 1995.

HEARN, Judge:

Bonnie J. Dye, appellant, appeals an order granting respondent H. Harold Gainey's motion to dismiss three of appellant's causes of action. We affirm in part, reverse in part, and remand.[1]

The parties in this action engaged in an illicit relationship from 1989 until December 24, 1993. Both parties were married to other people at the beginning of the relationship, though

---

[1] Because oral argument would not aid the court in resolving the issues, we decided this case without oral argument.

appellant divorced her husband in 1990. Despite alleged promises to the appellant, respondent never divorced his wife. In November 1990, appellant moved into a mobile home purchased by respondent. Appellant alleges respondent gave her the home unconditionally; however, respondent maintained legal title to the home. Around this same time, appellant quit her job at the manufacturing plant where respondent was her supervisor. Respondent paid all appellant's living expenses during the relationship. On December 24, 1993, at approximately 2:00 a.m., respondent came to the mobile home and demanded appellant vacate the premises by January 24, 1994. When appellant refused to do so, respondent caused eviction papers to be served on her on January 24.

Appellant sought to have a constructive trust place on the home allegedly given to her by respondent. She asserted respondent was equitably estopped from refusing to fulfill his promise to transfer title of the home to appellant. Appellant also sought monetary damages for intentional infliction of emotional distress and "prima facie tort." The trial judge granted respondent's motion to dismiss the first three causes of action pursuant to Rule 12(b)(6), SCRCP. He also granted respondent's motion to direct appellant to make a more definite statement with regards to her "prima facie tort" cause of action pursuant to Rule 12(e), SCRCP.

Appellant contends the trial judge erred when he dismissed her claims for constructive trust, equitable estoppel and intentional infliction of emotional distress for failure to state a cause of action. We reverse the trial judge's decision with respect to dismissal of the constructive trust and equitable estoppel causes of action and affirm his decision to dismiss the intentional infliction of emotional distress claim.

A ruling on a Rule 12(b)(6) motion to dismiss must be based solely upon the allegations set forth on the face of the complaint.[2] The motion cannot be sustained if facts alleged and inferences reasonably deductible therefrom would entitle the plaintiff to any relief on any theory of the

---

[2] No written order was issued in this case. At one point in his oral ruling from the bench, the trial judge mentioned the unclean hands doctrine. The dissent would affirm based upon the appellant's failure to raise this issue in her brief. Since a decision on a Rule 12(b)(6) motion is confined to the four corners of the complaint, the trial judge erred in considering a potential defense.

case. *Toussaint v. Ham,* 292 S.C. 415, 357 S.E. (2d) 8 (1987). The question is whether in the light most favorable to plaintiff, and with every doubt resolved in her behalf, the complaint states any valid claim for relief. The complaint should not be dismissed merely because the court doubts the plaintiff will prevail in the action. *Id.*

A constructive trust will arise whenever the circumstances under which property was acquired make it inequitable that it should be retained by the one holding the legal title. *Wolfe v. Wolfe,* 215 S.C. 530, 56 S.E. (2d) 343 (1949); *Dominick v. Rhodes,* 202 S.C. 139, 24 S.E. (2d) 168 (1943); *Bank of Williston v. Alderman,* 106 S.C. 386, 91 S.E. 296 (1917). A constructive trust results from fraud, bad faith, abuse of confidence, or violation of a fiduciary duty which gives rise to an obligation in equity to make restitution. Fraud is an essential element, although it need not be actual fraud. *Lollis v. Lollis,* 291 S.C. 525, 354 S.E. (2d) 559 (1987).

The elements of an equitable estoppel as related to the party claiming the estoppel are:

(1) lack of knowledge and of the means of knowledge of the truth as to the facts in question;
(2) justifiable reliance upon the conduct of the party estopped; and
(3) the prejudicial change in position of the party claiming the estoppel.

*Walton v. Walton,* 282 S.C. 165, 318 S.E. (2d) 14 (1984).

In her complaint, appellant alleged a confidential relationship between respondent and herself. She further alleged respondent "engaged in bad faith and wrongful inducement, with the knowledge of and in keeping with the intent of the [respondent] to cause the [appellant] to change her position in reliance on the [respondent's] conduct, promises and representations." Appellant claims she quit her employment, and moved into a mobile home purchased by respondent as a result of respondent's promises of marriage, that the mobile home was a gift to her, and that respondent stated he would transfer the title to her. Appellant further alleged she did not seek employment for the past four years in reliance on respondent's promises, and is having a difficult time reentering the job market. Based on the aforementioned allegations and

the inferences deductible therefrom, we hold appellant pled facts sufficient to state a cause of action for constructive trust and equitable estoppel.

To establish the tort of intentional infliction of emotional distress, or outrage, the plaintiff must establish the following:

(1) the defendant intentionally or recklessly inflicted severe emotional distress, or knew that distress would probably result from his conduct;

(2) the defendant's conduct was so extreme and outrageous that it exceeded all possible grounds of decency and was furthermore atrocious, and utterly intolerable in a civilized community;

(3) the actions of the defendant caused the plaintiff's emotional distress; and

(4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Shupe v. Settle,* 315 S.C. 510, 445 S.E. (2d) 651 (Ct. App. 1994). Even viewing the allegations of the complaint in the light most favorable to Dye, as we are required to do in this instance, we agree with the trial judge that she fails to state a cause of action for intentional infliction of emotional distress. Allegations of broken promises made during the course of an adulterous relationship, without more, are not sufficient to state a claim for outrage.

Accordingly, the order of the trial judge is affirmed in part, reversed in part, and remanded for further development of the facts.

Affirmed in part; reversed in part; and remanded.

CURETON, J., concurs.

GOOLSBY, J., concurs in part and dissents in part in a separate opinion.

GOOLSBY, Judge (concurring and dissenting):

Like the majority, I view the complaint at issue here as failing to allege a cause of action for the tort of outrage. I otherwise dissent, but respectfully so.

At the center of this controversy is a "residence" purchased by the respondent H. Harold Gainey and occupied by the appellant Bonnie J. Dye during a time Gainey and Dye allegedly engaged in a "personal relationship"

I would not reach the question of whether Dye stated facts sufficient to constitute causes of action against Gainey for a constructive trust and for promissory or equitable estoppel. Another unappealed alternative ground supports the judgment below regarding these two causes of action. The trial court cited the defense of unclean hands in barring Dye's claims and nowhere in her brief does Dye attack this ruling.[1] *See Charleston County Sch. Dist. v. South Carolina State Dairy Comm'n*, 274 S.C. 250, 262 S.E. (2d) 901 (1980) (a party who does not appeal from an adverse decision is bound by the decision); *Burton v. County of Abbeville*, 312 S.C. 359, 440 S.E. (2d) 396 (Ct. App. 1994) (an unchallenged ruling by the trial court is the law of the case); *Dwyer v. Tom Jenkins Realty, Inc.*, 289 S.C. 118, 344 S.E. (2d) 886 (Ct. App. 1986) (unchallenged alternative findings can support a judgment); 76 Am. Jur. (2d) *Trusts* § 710, at 695-96 (1992) ("A plaintiff seeking the imposition of a constructive trust must escape the defense of unclean hands. . . ."); *cf. Stauffer v. Stauffer*, 351 A. (2d) 236, 244 (Pa. 1976) ("The bar of unclean hands is applicable . . . only where the wrongdoing of the plaintiff directly affects the equitable relationship subsisting between the parties and is directly connected with the matter in controversy.").

The majority in a footnote discounts Dye's failure to appeal the trial court's reliance on the doctrine of unclean hands, implying this reliance was improper because Gainey had not yet filed a responsive pleading and never raised the doctrine as an affirmative defense. Even if, however, the trial court erred in prematurely dismissing Dye's causes of action for constructive trust and estoppel on an unpled affirmative defense, Dye's failure to make this point in her appellant's brief precludes

---

[1] In her reply brief, Dye criticizes Gainey's reference in his brief to the doctrine of unclean hands; however, at no point does she ever extend her criticism to the trial court's reliance on this ground. At any rate, this argument comes too late to constitute a ground for reversal. *See* Rule 207(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal."); *Bochette v. Bochette*, 300 S.C. 109, 386 S.E. (2d) 475 (Ct. App. 1989) (an appellant may not use the reply brief or oral argument to argue issues not argued in the appellant's brief).

this court from addressing it on appeal. *See Mack v. Edens*, 306 S.C. 433, 436, n. 1, 412 S.E. (2d) 431, 433, n. 1 Ct. App. 1991), *cert. denied*, May 6, 1992 ("Although a court may not enter judgment on a ground that was neither pleaded nor proved by the party having the affirmative of the issue, [the appellant] did not raise this error by an exception on appeal. Therefore, we do not address it.").

In any event, Dye bases her effort to acquire the residence from which Gainey allegedly evicted her on the allegation that she and Gainey maintained a "confidential relationship" from March 13, 1989, until December 24, 1993, the date Gainey allegedly ousted her. According to her complaint, Dye was married during 1989, and most of 1990, the year she divorced her husband. The complaint suggests Gainey was also married during the entire period.

Unlike the majority, I am not prepared to hold an adulterous,[2] "personal relationship" involving cohabitants who are both lawfully married to others can constitute a "confidential relationship" so as to permit the imposition of a constructive trust or the plea of estoppel in an action brought by one party to the relationship against the other for a share of property acquired by the other during their illicit cohabitation. To make Gainey, a married man, subject to the financial claims of Dye, who was also married during most of the time she and Gainey cohabitated together, would offend this State's public policy and would encumber the property rights and standard

---

[2] In her complaint, Dye alleges she "provided various services for [Gainey], including personal companionship, advice, entertainment, and consortium." She further alleges Gainey "assured her that he was going to obtain a divorce and marry [her]," "[Gainey] spent endless days, weeks, and months with [her]" at the home that she alleges Gainey purchased for her, and "[she and Gainey] spent untold times together at [Gainey's] beach home, taking annual vacations and otherwise seeing each other on a constant and continuing basis." Not suprisingly, the trial court found the relationship between Dye and Gainey was adulterous. *See Prevatte v. Prevatte*, 297 S.C. 345, 351, 377 S.E. (2d) 114, 118 (Ct. App. 1989) ("A finding of adultery is allowed where there is evidence of both the opportunity to commit adultery and the disposition to commit adultery. . . . For example, where a married man is observed going upstairs in a bawdyhouse, unless something to the contrary appears, no other evidence is required to warrant a finding of adultery."). Because Dye offers no challenge to that finding on appeal, it becomes the law of the case. *See Stone v. Salley*, 244 S.C. 531, 137 S.E. (2d) 788 (1964) (the unappealed portion of a trial court's judgment presents no issue for determination by the reviewing court and constitutes to such extent the law of the case).

of living of Gainey's lawful wife. *See* S.C. Code Ann. § 16-15-60 (1976) (statute declaring adultery and fornication a crime); § 16-15-70 (statute defining "adultery"); *Peoples Nat'l Bank v. Manos Bros., Inc.*, 266 S.C. 257, 283, 84 S.E. (2d) 857, 870 (1954) ("The doctrine of estoppel cannot be invoked to thwart the public policy of the State thus declared."); *Thomas v. LaRosa*, 400 S.E. (2d) 809 (W.Va. 1990) (wherein the court disallowed a financial claim of an unmarried cohabitant against a married cohabitant based on their adulterous relationship because the claim would adversely impact the property rights of the married cohabitant's spouse and the support rights of the married cohabitant's children).

I would affirm.