THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Vince Green, Special Administrator of the Estate of James Terry Green,       
Appellant,
 
 
 

v.

 
 
 
Jerome Alston, d/b/a AA Septic Tank Service, One 1994 Mack Truck, One 
 Hudson Trailer, and One John Deere Backhoe, of unknown date,       
Respondents.
 
 
 

Appeal From Beaufort County
Perry M. Buckner, Circuit Court Judge

Unpublished Opinion No. 2003-UP-446
Submitted May 12, 2003  Filed July 
 1, 2003  

AFFIRMED

 
 
 
James H. Moss and Daniel A. Saxon, both of Beaufort, for Appellant.
Jonathan J. Anderson, of Charleston and Paul H. Infinger, of Beaufort, for Respondents.
 
 
 

PER CURIAM:  This is 
 a wrongful death action.  The estate of James Terry Green attached as defendants 
 in this action a truck, a trailer, and a backhoe (collectively the Vehicle 
 Defendants) pursuant to S.C. Code Ann. § 29-15-20 (1991).  The trial court 
 dismissed these defendants under Rule 12(b)(6), SCRCP.  The Estate appeals, 
 arguing the trial court erred by finding a truck, trailer, and backhoe were 
 not motor vehicles as contemplated by the attachment statute.  We affirm. 

FACTS
Jerome Alston is the owner 
 of AA Septic Tank Service, of which James Terry Green was the sole employee.  
 Alston leased a 1994 Mack Truck, a Hudson Trailer, and a John Deere Backhoe 
 for use in his septic tank business.  On February 21, 2001, Alston and Green 
 were installing residential septic tanks, which required the use of the truck, 
 the trailer, and the backhoe.  Alston drove the truck, which towed the trailer 
 loaded with the backhoe, and parked it along the side of the road.  Once the 
 backhoe was unloaded from the trailer, the truck was disconnected from the trailer 
 so the truck could be used in the installation process.  
After installing the septic 
 tank, Alston backed the truck to the front of the trailer in order to reconnect 
 the trailer to the truck.  However, before Green connected the trailer to the 
 truck, Alston began to drive the backhoe onto the ramps on the rear of the trailer.  
 Because the trailer was not secured to the truck, the weight of the backhoe 
 on the rear of the trailer caused the front end of the trailer to rise forcefully.  
 Green, who was between the truck and trailer, was fatally crushed between the 
 ascending trailer and the rear of the truck.   
The Estate commenced an 
 action in negligence against Alston d/b/a AA Septic Tank Service.  The complaint 
 also named as defendants the truck, the trailer, and the backhoe pursuant to 
 S.C. Code Ann. § 29-15-20 (1991).  The Vehicle Defendants filed a motion to 
 dismiss pursuant to Rule 12(b)(6), SCRCP.  The trial court granted the motion 
 finding the vehicles in question were not being operated as motor vehicles 
 as contemplated by the statute.  This appeal follows. 
STANDARD OF REVIEW
A trial courts ruling on a Rule 12(b)(6), SCRCP 
 motion to dismiss must be based solely upon the allegations set forth on the 
 face of the complaint.  Dye v. Gainey, 320 S.C. 65, 67, 463 S.E.2d 97, 
 98 (Ct. App. 1995).  The motion must be denied if facts alleged in the complaint 
 and inferences reasonably deducible therefrom would entitle the plaintiff to 
 any relief on any theory of the case.  Id., 320 S.C. at 67-8, 463 S.E.2d 
 at 98-9.  The question is whether, when viewed in the light most favorable to 
 plaintiff, the complaint states any valid claim for relief.  Id., 320 
 S.C at 68, 463 S.E.2d at 99.  All properly pleaded factual allegations are deemed 
 admitted for the purposes of considering a motion for judgment on the pleadings.  
 Russell v. City of Columbia, 305 S.C. 86, 89, 406 S.E.2d 338, 339 (1991).  

Here, the trial courts decision to grant the Rule 
 12(b)(6) motion was based upon its belief that the truck, trailer, and backhoe 
 are not motor vehicles as contemplated by S.C. Code Ann. § 29-15-20.  The 
 statute provides:

When a motor vehicle is operated 
 in violation of the provisions of law or negligently, carelessly, recklessly, 
 wilfully or wantonly and any person receives personal injury or property is 
 damaged thereby or a cause of action for wrongful death arises therefrom, damages 
 recoverable therefor shall be and constitute a lien recoverable in any court 
 of competent jurisdiction, and the person sustaining such damages or the personal 
 representative of the deceased or any one or more of the beneficiaries for whom 
 such cause of action shall be brought under §§ 15-51-10 and 15-51-20 for the 
 benefit of all such beneficiaries may attach such motor vehicle in the manner 
 provided by law for attachments in this State. 

S.C. Code Ann. § 29-15-20 (1991).
The statute itself does not 
 define what constitutes a motor vehicle for purposes of the statute.  A court 
 construing a statute must first seek to ascertain and effectuate legislative 
 intent.  Koenig v. South Carolina Dept of Pub. Safety, 325 S.C. 400, 
 403, 480 S.E.2d 98, 99 (Ct. App. 1996).  The cardinal rule of statutory construction 
 is to give words used in a statute their plain and ordinary meaning without 
 resorting to subtle or forced construction.  Id. at 404, 480 S.E.2d at 
 99.  The language must be read to harmonize its subject matter with its general 
 purpose.  Id.  Courts will give a term in a statute its usual and customary 
 meaning where left undefined by the legislature.  Adoptive Parents v. Biological 
 Parents, 315 S.C. 535, 543, 446 S.E.2d 404, 409 (1994).
In Gunn v. Burnette, 236 
 S.C. 496, 115 S.E.2d 171 (1960), a case involving the statute at issue here, 
 the supreme court considered the definition of a motor vehicle and stated: 
 [A] motor vehicle is defined as one which is operated by a power developed 
 within itself and used for the purpose of carrying passengers or materials.  
 Id., 236 at 499, 115 S.E.2d at 172 (citations omitted).  We therefore 
 must determine whether, under the facts of this case, the truck, trailer, and 
 backhoe fall within the scope of this definition and the purposes of section 
 29-15-20.
I.  The Truck
In Gunn, the court considered 
 whether a stationary tow truck engaged in hoisting another vehicle was being 
 operated as a motor vehicle as contemplated under the attachment statute.  
 The court emphasized the language of the statute which states: When a motor 
 vehicle is operated . . . .  Id., 236 S.C. at 499, 115 S.E.2d at 171.  
 The court recognized that the purpose of the statute is to protect persons traveling 
 on public highways, and the statute is a proper regulation of the operation 
 of a dangerous instrumentality on the highways . . . . Id., 236 S.C. 
 at 499, 115 S.E.2d at172.  Applying this construction, the court held that a 
 stationary tow truck did not fall within the applicable definition of a motor 
 vehicle because a stationary machine is not being operated as a motor vehicle.  
 Id.  
The same logic applies to the 
 present case.  Though the truck might generally be used to transport passengers 
 or materials, this fact alone is not dispositive.  Section 29-15-20 expressly 
 requires that the motor vehicle at issue be in operation when the harm is caused.  
 Because the truck in this case was not in operation 
 [1] at the time of Greens death, it does not fall within the attachment 
 statute.  Accordingly, the trial court properly dismissed the truck as a defendant 
 in the action. 
II.  The Trailer
                    As stated in Gunn, a 
 motor vehicle is defined as one which is operated by a power developed within 
 itself . . . . Id., 236 S.C. at 499, 115 S.E.2d at 172.  Applying this 
 language, a trailer without a motor is not a motor vehicle.  However, a trailer 
 being drawn by a truck-tractor on the highway and securely attached to the 
 tractor is, together with the truck-tractor to which it is attached, a motor 
 vehicle . . . subject to the attachment statute.  Fruehauf Trailer Co. v. 
 South Carolina Elec. & Gas Co., 223 S.C. 320, 324, 75 S.E.2d 688, 689 
 (1953) (emphasis added). 
Applying Fruehauf, there are two reasons 
 the trailer in this case is not a motor vehicle under section 29-15-20.  First, 
 it is the connection to a motor vehicle that brings a trailer within the attachment 
 statute. Here, it is undisputed that the trailer was not securely attached to 
 the truck.  Second, even if the trailer had been fastened to the truck, it would 
 not fall within the statute because we hold the truck was not being operated 
 as a motor vehicle.  A trailer cannot be a motor vehicle unless the machine 
 to which it is securely attached falls within the statutory meaning of a motor 
 vehicle.  Accordingly, the trailer was properly dismissed as a defendant in 
 the action.  
III.  The Backhoe
Whether the backhoe falls within section 29-15-20 
 is a closer question.  Here, the backhoe was moving forward under its own power 
 at the time of the accident.  The question before this court is whether the 
 process of loading the backhoe onto the stationary trailer brings the machine 
 within the scope of the attachment statute.  We hold it does not.  
Within section 29-15-20, motor vehicle must be 
 defined in such a way as to harmonize its usual and customary meaning in light 
 of the statutes purpose.  See Koenig, 325 S.C. at 403, 480 S.E.2d 
 at 99 (stating the court must first seek to ascertain and effectuate legislative 
 intent of the statute); Adoptive Parents, 315 S.C. at 543, 446 S.E.2d 
 at 409 (stating the court will give an undefined term in a statute its usual 
 and customary meaning).
In Anderson v. State Farm 
 Mut. Auto. Ins. Co., 314 S.C. 140, 442 S.E.2d 179 (1994), the supreme court 
 considered whether a farm tractor is a motor vehicle within the meaning of South 
 Carolinas uninsured motorist laws.  Although the decision did not deal with 
 the attachment statute in question, it did address whether a farm tractor was 
 commonly understood to be a motor vehicle.  Similar to section 29-15-20, the 
 statute in Anderson was meant to apply to vehicles used on public highways.  
 The court held the farm tractor was not a motor vehicle because it was not designed 
 for use on a public highway, although it may incidentally be used on a highway.
We find the rationale in Anderson 
 instructive.  The attachment statute was designed to protect people from the 
 hazards created by the negligent operation of motor vehicles on the highways.  
 Gunn, 236 S.C. at 498, 115 S.E.2d 170-71.  The statute was designed with 
 the safety of the traveling public in mind.  Id.  A backhoe is not 
 intended for the transportation of passengers or materials on public roadways.  
 Moreover, neither Alston, Green, nor the backhoe, was traveling on the highway 
 at the time of the accident.  Viewing the circumstances surrounding the accident 
 in light of the purpose of the attachment statute, we find the backhoe is not 
 a motor vehicle within the meaning of section 29-15-20.
CONCLUSION
We hold the truck, trailer, and backhoe are 
 not motor vehicles as contemplated by section 29-15-20.  Accordingly, the trial 
 court properly dismissed the machines as defendants in the action pursuant to 
 Rule 12(b)(6), SCRCP.  Therefore, trial court is  
AFFIRMED.
 HEARN, C.J., CONNOR and STILWELL, JJ., concur.

 
 
 [1]   The Estate argues the attachment statute should apply because the 
 tires of the truck were partially on the surface of the road.  This contention 
 lacks merit.  In Gunn, the court assumed that the accident occurred 
 on a road or highway.  Nevertheless, the court found the tow truck was not 
 being operated as motor vehicle at the time of the accident.  Gunn, 
 236 S.C. at 499, 115 S.E.2d at 172.