THIS OPINION HAS NO PRECEDENTIAL
VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Sylvia Dunbar, as Guardian ad Litem for Akeya Johnson, a minor under 
 the age of eighteen (18) years,       
Respondents,
 
 
 

v.

 
 
 
Willette L. Johnson,       
Appellant.
 
 
 

Appeal From Allendale County
Perry M. Buckner, Circuit Court Judge

Unpublished Opinion No. 2004-UP-500
Submitted September 14, 2004  Filed 
 October 5, 2004

AFFIRMED

 
 
 
Lewis C. Lanier, of Orangeburg, for Appellant.
Mark B. Tinsley, of Allendale and Robert N. Hill, of Newberry, 
 for Respondent.
 
 
 

PER CURIAM:  Sylvia Dunbar brought this 
 action as Guardian ad Litem for Akeya Johnson, a minor under the age of eighteen, 
 to recover damages as a result of an automobile accident in which Akeya Johnson 
 was a passenger in a vehicle driven by Willette L. Johnson.  The jury returned 
 a verdict in favor of Akeya in the amount of $62,000 and a judgment was entered 
 in this amount.  Willette Johnson appeals, claiming the trial court erred in 
 denying her motion for a new trial because the verdict was excessive and the 
 trial court failed to issue a jury charge on sudden emergency.  She also argues 
 a new trial should have been granted because the circuit court improperly admitted 
 some testimony from the investigating officer while improperly excluding other 
 testimony. We affirm.
ANALYSIS
Because Appellant failed to address 
 the trial courts initial ground for denying her post-trial motion, we need 
 not address the issues raised on appeal.  We affirm the circuit courts denial 
 based solely on the fact that Appellants motion for a new trial was untimely 
 filed.
Rule 59(b), SCRCP, states [t]he motion 
 for a new trial shall be made promptly after the jury is discharged, or in the 
 discretion of the court not later than 10 days thereafter.  Following discharge 
 of the jury, the trial court granted Appellant the maximum ten days to file 
 her post-trial motions.  Documents received by this court from the Allendale 
 County courthouse reveal that Appellants motion was filed beyond the ten-day 
 period.
Initially, the trial court found Appellant 
 improperly made her motion pursuant to a repealed statute.  The court expanded 
 on this ground for denial as follows:

This fact alone provides a sufficient basis for the denial 
 of Defendants motion.  Nonetheless, the motion also would be denied if it had 
 been made pursuant to Rule 59(a), SCRCP. [the current rule for post-trial motions]

In a footnote to the above quotation, the court 
 continued:

The Court notes that the time limit for filing a Rule 59(a) 
 motion has expired, but because its ruling would be the same if the proper motion 
 had been timely filed, it discusses the validity of the request for a new trial.

The trial court went on to discuss the merits of 
 Appellants motion for a new trial based on the issues now raised on appeal.  
 The motion was ultimately denied.
Appellant 
 argues several errors in the trial courts order, but does not raise an exception 
 to the trial courts denial of the motion on the basis of timeliness.  Accordingly, 
 we affirm the trial courts decision based solely on the untimeliness of Appellants 
 motion for a new trial.    See Dwyer v. Jenkins, 289 S.C. 118, 
 120-121, 344 S.E.2d 886, 888 (Ct. App. 1986) (affirming the circuit court when 
 unchallenged alternative findings support the judgment); 5 Am. Jur. 2d Appellate 
 Review § 829 at 489 (1995) (where a separate and independent ground from 
 the one appealed supports the judgment made below, and is not challenged on 
 appeal, the appellate court must affirm.).  We need not address the merits 
 of the other issues raised on appeal.  See Rule 220 (c), SCACR; Futch 
 v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 
 591, 598 (1999) (holding appellate courts need not address remaining issues 
 when the disposition of a prior issue is dispositive).  
The circuit courts decision to deny Appellants 
 motion for a new trial is
AFFIRMED.
GOOLSBY, ANDERSON, and WILLIAMS,
JJ., 
 concur.