THIS OPINION HAS NO 
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY 
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Excitement Video, Inc., Appellant,
v.
Board of Zoning Appeals, Respondent.
 
 
 

Appeal From Horry County
Steven H. John, Circuit Court Judge

Unpublished Opinion No. 2004-UP-553
Submitted October 1, 2004  Filed November 1, 2004

AFFIRMED

 
 
 
H. Louis Sirkin, of Cincinnati and Jill Wright Fennel, of Myrtle Beach, for 
 Appellant.
John L. Weaver, of Conway, for Respondent.
 
 
 

PER CURIAM:  Excitement Video, Inc. appeals the circuit courts order 
 affirming the Horry County Board of Zoning Appeals denial of a certificate 
 of zoning compliance.  We affirm [1] . 
FACTS
On May 25, 2001, Horry County Business License manager Roddy Dickenson notified 
 Excitement by letter that Horry County was denying its request for the renewal 
 of its business license.  The stated reason was that Excitement was in violation 
 of an Horry County ordinance that prohibited the issuance of adult entertainment 
 establishment licenses pursuant to the Adult Entertainment Moratorium.           
Additionally, the zoning administrator declined to issue Excitement a certificate 
 of zoning compliance for the business.  The basis of the denial was that Excitements 
 location was within 2000 feet of a residential area and a church in violation 
 of Horry County Code of Ordinances, Appendix B, section 526.           
Excitement appealed the zoning administrators decision to the Board of Zoning 
 Appeals.  At the hearing, the only testimony offered was that of the zoning 
 administrator.  The administrator testified that while on a routine fire inspection, 
 he observed that Excitement was operating as an adult entertainment establishment.  
 He based his assessment on the fact that 99 percent of the shelf and wall displays 
 were Triple XXX videos and anatomically correct adult products used for sexual 
 stimulation. . . . [O]ther than the bathrooms and a drink vending area, adult 
 videos and adult products consumed the gross floor area of the store.  Horry 
 County Code of Ordinances, Appendix B, section 526.3 defines an Adult Video 
 Store as any enterprise deriving more than fifty percent of its gross revenues 
 from adult materials. [2]   The 
 administrator also testified that Excitement did not meet the spacing requirement 
 of 2000 feet from a residential use or a church.  
Excitement put forth the argument that natural vegetation created a buffer 
 zone that insulated the business from the view of both the church and the residential 
 area.  However, the administrator testified Excitement was not in literal compliance 
 with the zoning ordinance, which requires that measurements be taken from one 
 point to another in a straight line.  Measurements indicated Excitement was 
 located 1825 feet from a church and 1598 feet from a residential area.  
After consideration of the matter, the Board denied the appeal based upon specific 
 findings that Excitements business was an adult entertainment establishment 
 as defined in Horry County Zoning Ordinance section 526.3 and it was within 
 2000 feet of a residential area and a church.  
Excitement appealed to the circuit court.  In addition to the grounds raised 
 in its petition for review, Excitement argued to the circuit court that it did 
 not receive a fair hearing before the Board in violation of its due process 
 rights.  The circuit court requested briefs from both sides on the due process 
 issue.  After considering the briefs, the circuit court affirmed the Boards 
 decision.  
STANDARD OF REVIEW
The South Carolina Local Government Comprehensive Planning Enabling Act (Zoning 
 Enabling Act) sets forth the standard of review for appeals from local zoning 
 boards of appeal:  The findings of fact by the board of appeals shall be treated 
 in the same manner as a finding of fact by a jury . . . . S.C. Code Ann. § 
 6-29-840 (2004).  In determining the questions presented by the appeal, the 
 court must determine only whether the decision of the board is correct as a 
 matter of law.  Id.  Thus, the factual findings of the zoning board 
 will not be disturbed unless there is no evidence in the record to support its 
 decision.  Heilker v. Zoning Bd. of Appeals for the City of Beaufort, 
 346 S.C. 401, 406, 552 S.E.2d 42, 45  (Ct. App. 2001).  
LAW/ANALYSIS
I.  Due Process
Excitement argues that it did not receive a fair hearing 
 before the Board of Zoning Appeals because the Board did not provide it with 
 a meaningful opportunity to cross examine adverse witnesses, thereby depriving 
 Excitement of its due process rights.  We disagree. 
The fundamental requirement of due process is the opportunity to be heard 
 at a meaningful time and in a meaningful manner.  South Carolina Dept of 
 Soc. Servs. v. Beeks, 325 S.C. 243, 246, 481 S.E.2d 703, 705 (1997).  Due 
 process is flexible and calls for such procedural protections as the particular 
 situation demands.  Stono River Envtl. Protection Assn v. South Carolina 
 Dept of Health and Envtl. Control, 305 S.C. 90, 94, 406 S.E.2d 340, 342 
 (1991).
Excitement contends it did not receive a fair hearing because 
 the chairman of the Board interrupted its attorney as he attempted to cross-examine 
 the zoning administrator on the presence of a buffer between the business and 
 nearby church and residences.  Our review of the record reveals that the Chairman 
 interrupted Excitements attorneys cross-examination of the zoning administrator 
 only to inform him that the administrators determination as to the adequacy 
 of a buffer was not relevant as he was limited to enforcing the zoning ordinance 
 as written.  Excitements attorney was in fact able to question the administrator 
 about the existence of vegetation providing a buffer and receive the administrators 
 answers.  Excitement was also allowed to submit into evidence pictures of the 
 alleged buffer and make its argument on this issue.  In addition, Excitement 
 was able to question the administrator on the basis for his determination that 
 the business was in violation of the ordinance by having more than fifty percent 
 of its revenue derived from the sale of adult products and to present its argument 
 that the burden was on the administrator to prove this violation.  
Near the conclusion of the hearing, the following exchange 
 occurred between the Chairman and Excitements attorney:

[Attorney]:  Ive got it in the record, and Im done.  Thats 
 all I wanted to do.
The Chairman:  Okay. 
[Attorney]:  Thats all I wanted to do.  Thank you.  Well rest 
 with the record as it is. 
The Chairman:  Okay. Do we have any other statement from you?
[Attorney]:  No. I believe I have created my record.  I cant argue the 
 measurements. 

It is clear from the record that Excitement was given sufficient opportunity 
 to present its case.  It never complained about the interruptions or asked for 
 the opportunity to question the witness further.  In addition, Excitement failed 
 to present evidence or make further argument when given the opportunity.  If 
 Excitements attorney thought that the hearing was conducted in a manner that 
 did not present Excitement with the opportunity to be heard in a meaningful 
 manner in violation of the dictates of due process, then he should have made 
 a statement at that time.  
We agree with the circuit court that Excitement has failed to prove a violation 
 of its right to due process.  

II.  Buffer Zone
Excitement next argues that the circuit court erred when it determined that 
 the secondary effects of adult businesses were not negated by the existence 
 of a buffer between Excitement and the church and the residential area.  We 
 disagree.  
On appeal, Excitement contends:  [A] local government seeking to justify its 
 zoning restrictions on the basis of the secondary effects doctrine need demonstrate:  
 (1) that the drafters of the ordinance relied upon studies of secondary effects, 
 and (2) that a majority of the members of the voting body received some information 
 about the secondary effects.  Excitement, however, failed to raise any argument 
 about a lack of evidence justifying Horry Countys adult business zoning ordinances 
 to the Board or the circuit court.  Accordingly, this argument is not properly 
 before this court.  See Burton v. County of Abbeville, 312 S.C. 
 359, 361, 440 S.E.2d 396, 397 (Ct. App. 1994) (stating issue was not preserved 
 for appeal where neither county zoning board of appeals nor circuit court addressed 
 issue and appellant did not seek a ruling by a post-trial motion).
Excitement also asserts the natural barrier mitigates any negative impacts 
 upon the surrounding community and therefore undercuts the Countys ability 
 to regulate Excitement Videos location.  The Board and circuit court relied 
 on Restaurant Row Assocs. v. Horry County in rejecting this assertion. 
 335 S.C. 209, 516 S.E. 2d 442 (1999).  We agree that Restaurant Row is 
 directly on point.  In Restaurant Row, Thee DollHouse, an adult entertainment 
 business located in Horry County, challenged the Boards denial of their request 
 for a variance from the provisions of Horry County zoning plan which at the 
 time prohibited the location of an adult entertainment establishment within 
 500 feet of a residential district.  Thee DollHouse argued that the natural 
 barrier of the Atlantic Intracoastal Waterway created a buffer zone between 
 its location and the residential area and thereby prevented the possibility 
 of any negative secondary effects from arising.  Id. at 220, 516 S.E.2d 
 at 448.          
Our supreme court found the argument unconvincing.  The court explained that 
 zoning distance measurements must be done as the crow flies rather than based 
 on the actual terrain that must be crossed.  Id. at 221, 516 S.E.2d at 
 448.  The court noted that according to testimony in front of the Board, a bridge 
 was being constructed across the Atlantic Intracoastal Waterway very near Thee 
 DollHouse and a nearby tram ferried persons across the Intracoastal Waterway.  
 The court held:  What this testimony shows is that even though there may be 
 a natural barrier now, there may be a bridge in the future.  . . . [Z]oning 
 is not only concerned about present conditions, but focuses on the future as 
 well. Id. at 221, 516 S.E.2d at 448-49.          
In the present case, Excitement argues that a strip of natural vegetation provides 
 an adequate natural buffer.  As the Board recognized, the natural vegetation 
 that currently exists could disappear at any time whether through a natural 
 occurrence or through clearance for development.  We find no error in the Boards 
 determination that Excitement is in violation of Horry County Code of Ordinances, 
 Appendix B, section 526. 
CONCLUSION
Based upon the foregoing reasoning, the order of the circuit court is 
AFFIRMED.
HEARN, C.J., HUFF and KITTREDGE, JJ., concur. 

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.

 
 [2] When Excitement procured its original business 
 license, it did not meet this definition of Adult Video Store.