THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT
 SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS
PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Hallmark
 Marketing Corporation, Respondent,
 v.
 Zimeri, Inc.,
 and Antonio Zimeri, June Zimeri, Walter Zimeri and Diana Zimeri, Appellants.
 
 
 

Appeal From Greenville County
John L. Breeden, Jr., Circuit Court Judge

Unpublished Opinion No.  2008-UP-260
Heard April 9, 2008  Filed May 14, 2008
Withdrawn, Substituted and Refiled June
30, 2008  

REVERSED and REMANDED

 
 
 
 T.S. Stern, Jr., of Greenville, for Appellants.
 Chris Gantt-Sorensen and W. Francis Marion, Jr., both of
 Greenville, for Respondent.
 
 
 

PER
 CURIAM:  Zimeri, Inc.
 appeals the circuit courts order dismissing its counterclaims for (1) breach
 of contract accompanied by a fraudulent act and (2) violation of the South
 Carolina Unfair Trade Practices Act[1] (SCUTPA).  We accept the circuit courts determination and treatment of Hallmarks
 motion before it as a Rule 12(b)(6), SCRCP, motion to dismiss, and reverse and
 remand pursuant to Rule 220(b)(2), SCACR, and the following authorities:  Charleston
 County School Dist. v. Laidlaw Transit, Inc., 348 S.C. 420, 424, 559 S.E.2d
 362, 364 (Ct. App. 2001) (stating a motion to dismiss a counterclaim must be
 based solely on the allegations set forth in the counterclaim); Stiles v.
 Onorato, 318 S.C. 297, 300, 457 S.E.2d 601, 602-3 (1995) (A Rule 12(b)(6)
 motion may not be sustained if facts alleged and inferences reasonably
 deducible therefrom would entitle the [complainant] to any relief on any theory
 of the case.);  Dye v. Gainey, 320 S.C. 65, 68, 463 S.E.2d 97, 99 n.2
 (Ct. App. 1995) (Since a decision on a Rule 12(b)(6) motion is confined to the
 four corners of the complaint, the trial judge erred in considering a potential
 defense.);  Daisy Outdoor Advertising
 Co., Inc. v. Abbott, 322 S.C. 489,
 493, 473 S.E.2d 47, 49 (1996) (finding a party bringing a SCUTPA claim must
 only allege and then ultimately prove facts demonstrating the potential for
 repetition of the defendants acts to prove an adverse effect on the public
 interest).
For
 the foregoing reasons, the circuit courts order is
REVERSED
 and REMANDED.
HEARN,
 C.J., and PIEPER, J., and CURETON, A.J., concur.

[1] S.C. Code Ann. § 39-5-10 (Supp. 2007).