## 18792

G. P. MONROE, Jr., d/b/a Monroe Poultry Farm, Respondent, v. Otis W. LIVINGSTON, Chairman, and James A. Calhoun, Jr., Wyatt E. Durham, Walter W. Lewis, Robert C. Wasson, all as members of and composing The South Carolina Tax Commission, Appellants.

(161 S. E. (2d) 243)

*Messrs. Daniel R. McLeod, Attorney General,* and *Joe L. Allen, Jr.* and *G. Lewis Argoe, Jr., Assistant Attorneys General,* of Columbia, *for Appellants,*

*Messrs, Frank L. Taylor* and *Kermit S. King,* of Columbia, *for Respondent,*

May 15, 1968.

LEWIS, Justice.

South Carolina imposes sales and use taxes, Sections 65-1401 and 65-1421, 1962 Code of Laws, but exempts therefrom, under Section 65-1404(17), "the gross proceeds of the sale of animal or motor drawn or operated machinery used in the planting, cultivating or harvesting of farm crops or of machines used in mining, quarrying, compounding, processing and manufacturing of tangible personal property; * * *." While originally other issues were involved, the sole question before us in this appeal is whether the foregoing exemption of "machines used in * * * processing tangible personal property" applies to machinery used by a poultry farmer in processing, for wholesale, eggs produced on his own farm.

The plaintiff-respondent G. P. Monroe, Jr., was engaged in producing eggs for sale. He purchased baby chicks, raised them to layers and sold the eggs at wholesale to a large grocery chain. The eggs could not be sold to plaintiff's wholesale customer as they were gathered but had to be prepared for market. The preparation was done by plaintiff in a separate building on his farm and consisted in spraying, cleaning, candling, grading and packaging the eggs. Machinery was utilized in so preparing the eggs for sale and it is the purchase or use of this machinery by plaintiff which gave rise to the assessment of the tax involved in this appeal. The defendant-appellant South Carolina Tax

Commission contended that the machinery so used by plaintiff was subject to the State use tax and assessed the tax accordingly. Plaintiy paid the assessment under protest and brought this action to recover the amount so paid, contending that the machinery in question was exempted from the tax by the quoted portion of 65-1404(17) because it was used solely in *processing tangible personal property*. The lower court sustained plaintiff's contention and ordered a refund of the tax paid, from which the defendant Tax Commission has appealed.

It is conceded that the machinery in question was used by plaintiff in processing tangible personal property (eggs) ; and that, if the same machinery were used by a person to clean, candle, grade and package eggs which were *not* produced by his own flock, it would be exempt from taxation under Section 65-1404(17). The sole basis for the asserted tax liability in this case is the contention that the exemption of "machines used in * * * processing tangible personal property" is available only to such persons as are engaged in business as a processor. Upon the foregoing premise it is argued that, since plaintiff was a poultry farmer and, as such, the producer of the eggs, he could not also be a processor within the meaning of the statute.

We need not decide in this case whether, as contended by defendant, there must be read into the statute a legislative intent to make the exemption available only to such persons as are engaged in business as a processor. For, assuming that the Tax Commission's construction of the statute is correct and the exemption applies only to "machines used in * * * processing tangible personal property" *by a processor,* the record in this case fails to justify withholding the exemption from the use of machinery by plaintiff. The machinery was being used in processing tangible personal property. Such machinery when used in the same process by one engaged solely in the business of a processor would, admittedly, be exempt from taxation, and

there is no basis in the statute to warrant withholding the exemption from the plaintiff because he was the producer of the eggs which he was processing. He was, under the present facts, just as much a processor of tangible personal property as would be a non-producer of eggs performing the same operation. Instead of having the eggs prepared for market by a processor, plaintiff processed them himself. The lower court correctly held that, even under defendant's construction of the statute, the plaintiff met every requirement of a processor so as to be exempt from the tax assessed in this case.

It is argued that the defendant Tax Commission has construed Section 65-1404 (17) over a long period of time as inapplicable to poultry farmers and that its interpretation should be given controlling effect in this case. Such administrative construction however affords no basis for the perpetuation of a patently erroneous application of the statute.

Affirmed.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.