20708

Emma WHITE, Respondent, v. SOUTH CAROLINA DEPARTMENT OF PARKS, RECREATION AND TOURISM, Appellant.

(245 S. E. (2d) 125)

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. James W. Johnson, Jr.,* Columbia, *for appellant.*

*Wallace G. Holland,* of *Young, Clement & Rivers,* Charleston, *for respondent.*

June 7, 1978.

NESS, Justice:

The sole issue is whether the tram at Charles Towne Landing is a motor vehicle within the State Motor Vehicle Tort Claims Act. The trial court concluded it was and denied the demurrer of appellant South Carolina Department of Parks, Recreation and Tourism (PRT). We affirm.

Respondent Emma White brought this action under the Tort Claims Act, Section 15-77-230 of the Code of Laws of South Carolina (1976). She alleged she was injured while boarding the tram at Charles Towne Landing State Park due to the negligent operation of the vehicle by an employee of PRT.

Appellant demurred on the basis that respondent failed to state a cause of action as the tram is not a motor vehicle within the Tort Claims Act. We disagree.

By stipulation of the parties, the Charles Towne Landing tram is described as:

"A land operated, rubber-wheeled vehicle powered by a gasoline engine which pulls a series of separate compartments for the purpose of transporting tourists and other visitors around Charles Towne Landing on the roads and dirt paths around Charles Towne Landing but does not travel upon the public highways of South Carolina or outside of the premises of Charles Towne Landing and which is not designed for such travel." (Tr. p. 2.)

We conclude it is a motor vehicle permitting suit under the Tort Claims Act which provides:

"Any person sustaining an injury by reason of the negligent operation of *any motor vehicle* while being operated by an employee of a governmental entity while in and about the official business of such governmental entity may recover in an action against such governmental entity such actual damages as he may sustain . . ." (Emphasis supplied.)

There is no definition of "motor vehicle" in the Tort Claims Act. We reject appellant's argument that the definition in the South Carolina Motor Vehicle Financial Responsibility Act should control, thereby requiring a motor vehicle to be operated on the highway. In *Fruehauf Trailer Company v. South Carolina Electric & Gas Company,* 223 S. C. 320, 75 S. E. (2d) 688 (1953), we held the definition of "motor vehicle" in one act did not apply to other legislation containing no specific definition. We stated:

"The attachment statute does not contain a definition of 'motor vehicle,' and there is no statute *in pari materia,* in this state, which contains a definition. It follows that the General Assembly's definition of 'motor vehicle' . . . in unrelated statutes is not controlling in the meaning of 'motor vehicle' as employed in (the attachment statute)." 223 S. C. at 325, 75 S. E. (2d) at 690.

The language of the Tort Claims Act states that any person who is injured as a result of the negligent operation

of "any motor vehicle" may bring suit under the statute. The generic meaning of the term "motor vehicle" was examined in *Gunn v. Burnette,* 236 S. C. 496, 115 S. E. (2d) 171 (1960):

"The word 'vehicle' is derived from the Latin word 'vehere,' meaning to carry, and Webster defines the noun as that in or on which a person or thing is or may be carried from one place to another, etc. In 60 C. J. S. Motor Vehicles § 1, p. 109 a motor vehicle is defined as one which is operated by a power developed within itself and used for the purpose of carrying passengers or materials." 263 S. C. at 499, 115 S. E. (2d) at 172.

The tram at Charles Towne Landing comes within the above general definition of a "motor vehicle." While it does not operate on the State's highways, it is a self-propelled vehicle designed to carry passengers. The trial judge correctly denied appellant's demurrer.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.