24028

Barbara B. ANDERSON, Appellant v. STATE FARM MUTUAL AUTO-
MOBILE INSURANCE COMPANY and South Carolina Farm Bureau
Mutual Insurance Company, Respondents.

(442 S.E. (2d) 179)

Supreme Court

*Craig A. Snook,* of *Stevens, Stevens, Thomas & Snook, P.C.,* Myrtle Beach, *for appellant.*

*J. Dwight Hudson,* of *Hudson and Lawson,* Myrtle Beach, *for respondent S.C. Farm Bureau Mut. Auto. Ins. Co.*

*Linda Weeks Gwin,* of *Thompson, Henry, Gwin, Brittain & Stevens, P.A.,* Conway, *for respondent State Farm Mut. Auto. Ins. Co.*

Heard Mar. 22, 1993.

Decided Mar. 7, 1994.

FINNEY, Justice:

The sole issue presented on appeal is whether a farm tractor is a "motor vehicle" within the meaning of Title 38 of the South Carolina motor vehicle insurance laws.[1] Appellant Barbara Anderson appeals the Master-in-Equity's ruling that a farm tractor is not covered by the automobile insurance statutes. We affirm.

On June 19, 1988, a vehicle owned by Mack Anderson and driven by appellant (a permissive user) collided with a farm tractor driven along the highway by Berly McDowell. Appellant was injured and McDowell died of the injuries sustained in the accident.

At the time of the accident, the Anderson vehicle was insured with State Farm Mutual Automobile Insurance Co., under a policy that contained $100,000 per person uninsured motor vehicle coverage. Additionally, appellant was a "resident relative" of the same household as her daughter, Tracy Lynn Tyler. Tyler had an automobile liability policy with Farm Bureau Mutual Automobile Insurance Co., which provided $25,000 per person uninsured motorist coverage. Both

---

[1] S.C. Code Ann. § 38-77-10 *et seq.*

insurance policies specifically excluded farm tractors from the meaning of motor vehicles.

McDowell's tractor was not covered by any automobile liability insurance. Ordinarily, the tractor was used on McDowell's farm and was seldom driven on the highway.

Appellant initiated a declaratory judgment action, seeking a declaration that a farm tractor is a motor vehicle within the meaning of the South Carolina uninsured motorist statutes. The master ruled that at the time of the accident, McDowell's farm tractor was not a motor vehicle as contemplated under either S.C. Code § 38-77-30(7) (1976 as amended) or § 56-9-20(6) (1987). Accordingly, he held that a farm tractor can not be an uninsured or underinsured motor vehicle under title 38. Thus, the insurer could legitimately exclude farm tractors from coverage. The master concluded that there was no uninsured or underinsured coverage available to appellant under either policy. We agree.

Appellant asserts that a farm tractor is a motor vehicle. To support this assertion, she points to § 38-77-30(7) which defines motor vehicle as a self-propelled vehicle designed for use upon the highway.[2] Appellant also cites S.C. Code Ann. § 56-5-220 (1991), wherein a farm tractor is defined as a motor vehicle designed and used primarily as a farm implement. However, the fact that farm tractors are subject to statutes regulating traffic on the highway, does not convert farm tractors to motor vehicles for insurance purposes.

Appellant contends that a farm tractor is within the statutory meaning of an uninsured motor vehicle. Appellant claims that accidents on a public highway involving an uninsured tractor are controlled by § 38-77-150;[3] thus, no automobile in-

---

[2] S.C. Code Ann. § 38-77-30(7) (1989) provides that:

(7) 'Motor vehicle' means every self-propelled vehicle which is designed for use upon a highway, including trailers and semitrailers designed for use with these vehicles but excepting traction engines, road rollers, farm trailers, tractor cranes, power shovels and well-drillers, and every vehicle which is propelled by electric power obtained from overhead wires but not operated upon rails. For purposes of this chapter, the term automobile has the same meaning as motor vehicle.

[3] S.C. Code Ann. § 38-77-150 (1989) provides, in part:

No automobile insurance policy or contract may be issued or delivered unless it contains a provision by endorsement or otherwise, herein referred to as the uninsured motorist provision, undertaking to pay the in-

surance policy or contract may exclude an uninsured tractor from coverage.

Under the Motor Vehicle Financial Responsibility Act,[4] a vehicle must be designed to operate on the highway in order to come within the term "motor vehicle." *White v. South Carolina Department of Parks, Recreation and Tourism*, 271 S.C. 91, 245 S.E. (2d) 125 (1978). A farm tractor is defined as a machine designed and intended to be used as an agricultural implement and not as a means of transportation on the highway, although occasionally it may operate on a highway. 60 C.J.S. *Motor Vehicle* § 7(2) (1969). Thus, we find that a farm tractor does not come under the plain and unambiguous definition of a motor vehicle because it is not "designed for use upon a highway" although it may be incidentally used on a highway.

One of the rules of statutory interpretation is that words of a statute should be accorded their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation. *First Baptist Church of Mauldin v. City of Mauldin*, — S.C. —, 417 S.E. (2d) 592 (1992). In accord with this view, the meaning of "motor vehicle" for insurance purposes should be considered in its ordinary and popular sense rather than in a generic sense. *See Kentucky Farm Bureau Mutual Ins. Co. v. Vanover*, 506 S.W. (2d) 517 (Ky. 1974).

We find that the uninsured motorist statutes were not intended to apply to injuries inflicted by vehicles not subject to registration or compulsory insurance provisions. Therefore, a farm tractor is not a motor vehicle for purposes of uninsured or·underinsured motor vehicle coverage pursuant to the laws of this State.

Affirmed.

CHANDLER, TOAL and MOORE, JJ., concur.

HARWELL, C.J., not participating.

---

sured all sums which he is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within limits which may be no less than the requirements of § 38-77-140.

[4] S.C. Code Ann. §§ 56-9-10 to -630 (1991).