2554

Ex Parte John D. McLEOD, Respondent, In re ESTATE OF Lillian Evans KENNEDY, Appellant.

(476 S.E. (2d) 167)

Court of Appeals

*Ernest E. Yarborough* and *Kyndal G. Price,* both of *Yarborough & Carter,* of Winnsboro, *for appellant.*

*John D. McLeod,* of Winnsboro, *pro se.*

Heard June 5, 1996.

Decided Aug. 12, 1996.

*Per Curiam:*

The Estate of Lillian Evans Kennedy (the Estate) appeals from an order of the circuit court finding the probate court had jurisdiction to award attorney fees allegedly earned in connection with a wrongful death claim where the personal representative of the Estate had not petitioned the probate court for approval of a settlement offer. We reverse.

Attorney John D. McLeod undertook to represent Philip Evans in his capacity as personal representative of the Estate. McLeod pursued a wrongful death claim on behalf of the Estate against a third party and obtained a $7,500 settlement offer. The personal representative rejected the settlement offer and thereafter terminated McLeod as attorney for the Estate. Subsequently, McLeod made a motion before the Fairfield County Probate Court to be relieved as counsel for the

Estate and asked that his fees earned in conjunction with the Estate's wrongful death claim be protected. At the time of McLeod's motion, no petition for approval of a settlement offer had been submitted to the probate court because no settlement had been reached. The probate court held it did not have jurisdiction to protect McLeod's attorney fees. The circuit court reversed the probate court and remanded the case for a determination of McLeod's attorney fees. The Estate appeals the circuit court's order.

On appeal, the Estate argues the probate court did not have subject matter jurisdiction to award attorney fees earned in connection with a wrongful death claim where no petition to approve a settlement offer had been submitted to the court. We agree.

South Carolina Code Ann. § 62-1-302(b) (Supp. 1995) provides as follows:

> The [probate] court's jurisdiction over matters involving wrongful death or actions under the survival statute is concurrent with that of the circuit court and shall extend *only to the approval of settlements* as provided in Sections 15-51-41 and 15-51-42. (Emphasis added.)

In this connection, our Legislature has set forth procedural guidelines for seeking approval of settlement offers in wrongful death and survival claims, including judicial review of the provisions of any agreement entered into on behalf of the estate with respect to attorney fees and costs. South Carolina Code Ann. § 15-51-42(B) (Supp. 1995) provides, in pertinent part, as follows:

> If no action is pending, the personal representative shall petition either the probate or the circuit court of this State seeking approval of a proposed settlement. The petition must be verified by the personal representative and shall set forth, in terms satisfactory to the court in which the petition is filed, the basic facts surrounding the death of the decedent, the pertinent facts surrounding the liability of the alleged wrongdoer, the amount of insurance available to pay for damages, the terms of the proposed settlement, the statutory beneficiaries of the wrongful death or survival action, the heirs at law or ap-

propriate devisees of the estate, the appropriate creditors, the amount of their claims, *and, if the personal representative has retained legal counsel, the terms and provisions of the agreement with respect to attorney's fees and costs.*

\* \* \* \* \* \*

The court shall schedule a hearing and receive into evidence those facts that the court considers necessary and proper to evaluate the settlement. After conducting this inquiry, the court shall issue its order either approving or disapproving the proposed settlement. (Emphasis added.)

One of the cardinal rules of statutory interpretation is that words of a statute should be accorded their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation. *Anderson v. State Farm Mut. Automobile Ins. Co.*, 314 S.C. 140, 442 S.E. (2d) 179 (1994). A plain reading of § 62-1-302 together with § 15-51-42 reveals that it is the proper filing of a petition for the approval of a settlement offer that gives the probate court subject matter jurisdiction in a wrongful death claim and absent such petition, the probate court is without jurisdiction to act with regard to the settlement. Further, it is exceedingly clear that § 15-51-42 confers jurisdiction on the probate court to approve or disapprove the terms of an attorney fee arrangement only in connection with the court's evaluation of a proposed settlement offer which is before the court. Therefore, the probate court in this case properly held that at the time of McLeod's motion, it did not have jurisdiction to award attorney fees because no settlement had been reached and no petition for settlement had been filed.

Accordingly, the decision of the circuit court is

Reversed.

Cureton, Anderson and Stilwell, JJ., concur.