# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Jack's Custom Cycles, Inc., d/b/a Jack's Motor Sports, Respondent,

v.

South Carolina Department of Revenue, Appellant.

Appellate Case No. 2019-001831

———————

Appeal From The Administrative Law Court
Ralph King Anderson, III, Chief Administrative Law Judge

———————

Opinion No. 5970
Heard November 16, 2022 – Filed February 15, 2023
Withdrawn, Substituted, Refiled April 26, 2023

———————

**AFFIRMED**

———————

Nicole Martin Wooten, Marcus Dawson Antley, III, and Jason Phillip Luther, all of the South Carolina Department of Revenue, of Columbia, for Appellant.

John Aaron Ecton and Margaret Weatherly Dukes, both of Ecton Law Firm, P.A., of Irmo, for Respondent.

———————

**THOMAS, J.:** The South Carolina Department of Revenue (SCDOR) appeals a decision by the Administrative Law Court (ALC) that held retail sales of all-terrain vehicles (ATVs) and side-by-side vehicles or utility task vehicles (UTVs) are entitled to the South Carolina partial sales tax exemption found in section 12-36-2110(A) of the South Carolina Code (Supp. 2022). SCDOR argues the ALC erred

in (1) broadly construing the partial tax exemption statute by concluding ATVs and UTVs are motor vehicles for the purposes of section 12-36-2110(A); (2) failing to give deference to SCDOR's long-standing interpretation of the statute that it is authorized to administer; and (3) considering Chandler's Law to ascertain the intent of the South Carolina Legislature regarding the partial tax exemption statute. We affirm.

**FACTS**

Jack's Custom Cycles, Inc. d/b/a Jack's Motor Sports (Jack's) is a retailer in South Carolina in the business of selling ATVs[1] and UTVs.[2] As it is a business that sells tangible personal property, the sales of ATVs and UTVs are subject to the full 7% sales tax unless the transaction is expressly exempted as a matter of law.[3] Jack's collected and remitted sales tax up to $300 on the retail purchase price of each ATV and UTV because Jack's considered them to be "motor vehicles" for the purpose of section 12-36-2110(A).[4] However, SCDOR issued a final agency decision on August 13, 2018, finding the retail sales of ATVs and UTVs at Jack's were not entitled to the partial sales tax exemption found in section 12-36-2110(A). Thus, SCDOR assessed Jack's $177,642.59 in sales and use tax, penalties, and interest as of September 11, 2018, for the sales and use tax periods of August 31,

---

[1] The parties stipulated that ATVs are defined as "three-and-four wheeled vehicles, generally characterized by large, low-pressure tire[s], a seat designed to be straddled by the operator and handlebars for steering. ATVs are intended for off-road use. ATVs are capable of being driven forward and in reverse. ATVs also have headlamps and brake lights."

[2] The parties stipulated that UTVs are defined as "four-wheeled vehicles with a steering wheel and foot pedals, wherein the operator sits in a bench styled seat or single seat with seat belts and occupants have side-by-side forward facing seats. UTVs can have single front row or front and back row seating capacity. UTVs are capable of being driven forward and in reverse. UTVs also have [headlamps] and brake lights."

[3] The State's sales tax rate is 6%. *See* S.C. Code Ann. §§ 12-36-910(A) (2014) and 12-36-1110 (2014). Jack's business is located in Lexington County, and Lexington County imposes an additional 1% school district tax on sales at retail. *See* S.C. Code Ann. § 4-10-420 (2021) (providing authority to impose county sales and use taxes for school districts).

[4] Section 12-36-2110(A) provides for a maximum tax of $300 for the sales and leases of motor vehicles and motorcycles.

2013 through July 31, 2016 (Audit Period).[5]  Jack's requested a contested case hearing with the ALC to challenge the agency's decision.

On March 22, 2019, SCDOR filed a motion for summary judgment, which the ALC denied in part and granted in part in an order dated May 15, 2019.  The ALC granted SCDOR's motion with respect to the tax assessed on utility trailers but denied the motion as to the ATVs and UTVs.  SCDOR filed a premature motion for reconsideration on May 28, 2019, and the court considered it as a part of its decision on the merits.

The ALC held a hearing on July 18, 2019, and issued its final order on September 13, 2019, reversing SCDOR's assessment of Jack's retail sales of ATVs and UTVs during the Audit Period.  SCDOR filed a motion to alter or amend pursuant to Rule 59(e), SCRCP and ALC Rule 29(D).  On October 2, 2019, the ALC issued an amended final order, reflecting changes made to the initial order upon consideration of SCDOR's motion to alter or amend.  In the amended order, the ALC deleted certain findings of fact from the initial order and ruled on two arguments that were presented by SCDOR during the hearing but not ruled upon in the initial order.  This appeal followed.

**STANDARD OF REVIEW**

"Upon exhaustion of his prehearing remedy, a taxpayer may seek relief from the department's determination by requesting a contested case hearing before the Administrative Law Court."  S.C. Code Ann. § 12-60-460 (2014).  "In an appeal from the decision of an administrative agency, the Administrative Procedures Act provides the appropriate standard of review."  *Original Blue Ribbon Taxi Corp. v. S.C. Dep't of Motor Vehicles*, 380 S.C. 600, 604, 670 S.E.2d 674, 676 (Ct. App. 2008).  S.C. Code Ann. § l-23-610(B) (Supp. 2022) provides the applicable standard:

> (B) The review of the administrative law judge's order must be confined to the record.  The court may not substitute its judgment for the judgment of the administrative law judge as to the weight of the evidence on questions of fact.  The court of appeals may affirm the

---

[5]  SCDOR assessed the full 7% sales tax on the retail sales of ATVs and UTVs sold during the Audit Period because it concluded those sales were not entitled to the partial exemption under section 12-36-2110(A).

decision or remand the case for further proceedings; or it may reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is:
(a) in violation of constitutional or statutory provisions;
(b) in excess of the statutory authority of the agency;
(c) made upon unlawful procedure;
(d) affected by other error of law;
(e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
(f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

"The decision of the [ALC] should not be overturned unless it is unsupported by substantial evidence or controlled by some error of law." *Original Blue Ribbon Taxi Corp.*, 380 S.C. at 604, 670 S.E.2d at 676. "The court of appeals may reverse or modify the decision only if the appellant's substantive rights have been prejudiced because the decision is clearly erroneous in light of the reliable and substantial evidence on the whole record, arbitrary or otherwise characterized by an abuse of discretion, or affected by other error of law.*" SGM-Moonglo, Inc. v. S.C. Dep't of Revenue*, 378 S.C. 293, 295, 662 S.E.2d 487, 488 (Ct. App. 2008).

**LAW/ANALYSIS**

**I.      Motor Vehicle**

SCDOR argues the ALC erred in broadly construing a partial tax exemption statute by concluding ATVs and UTVs are motor vehicles for the purposes of section 12-36-2110(A). We disagree.

"If a statute is ambiguous, the courts must construe its terms." *Ferguson Fire & Fabrication, Inc. v. Preferred Fire Prot., L.L.C.*, 409 S.C. 331, 343, 762 S.E.2d 561, 567 (2014). The "interpretation of a statute is a question of law for the [c]ourt." *Hopper v. Terry Hunt Const.*, 383 S.C. 310, 314, 680 S.E.2d 1, 3 (2009). This court will correct the decision of the ALC if it is affected by an error of law or if "substantial evidence does not support the findings of fact." *S.C. Dep't of Revenue v. Blue Moon of Newberry, Inc.*, 397 S.C. 256, 260, 725 S.E.2d 480, 483 (2012); *Be Mi, Inc. v. S.C. Dep't of Revenue*, 408 S.C. 290, 297, 758 S.E.2d 737, 741 (Ct. App. 2014). "The language of a tax exemption statute must be given its plain, ordinary meaning and must be strictly construed against the claimed

exemption."  *TNS Mills, Inc. v. S.C. Dep't of Revenue*, 331 S.C. 611, 620, 503 S.E.2d 471, 476 (1998) (quoting *John D. Hollingsworth on Wheels, Inc. v. Greenville Cnty. Treasurer*, 276 S.C. 314, 317, 278 S.E.2d 340, 342 (1981)).  "The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature."  *Hawkins v. Bruno Yacht Sales, Inc.*, 353 S.C. 31, 39, 577 S.E.2d 202, 207 (2003) (quoting *Charleston Cnty. Sch. Dist. v. State Budget & Control Bd.*, 313 S.C. 1, 5, 437 S.E.2d 6, 8 (1993)).  "Where a word is not defined in a statute, our appellate courts have looked to the usual dictionary meaning to supply its meaning."  *Lee v. Thermal Eng'g Corp.*, 352 S.C. 81, 91-92, 572 S.E.2d 298, 303 (Ct. App. 2002).

Section 12-36-2110(A)(1) (Supp. 2022) provides a maximum tax of $300 is imposed on the sale or lease of the following specific items:

> (a) aircraft, including unassembled aircraft which is to be assembled by the purchaser, but not items to be added to the unassembled aircraft;
> (b) motor vehicle;
> (c) motorcycle;
> (d) boat and watercraft motor;
> (e) trailer or semitrailer, pulled by a truck tractor, as defined in Section 56-3-20, and horse trailers, but not including house trailers or campers as defined in Section 56-3-710 or a fire safety education trailer;
> (f) recreational vehicle, including tent campers, travel trailer, park model, park trailer, motor home, and fifth wheel; or
> (g) self-propelled light construction equipment with compatible attachments limited to a maximum of one hundred sixty net engine horsepower.

S.C. Code Ann. § 12-36-2110(A)(1) (Supp. 2022).  The term "motor vehicle" is undefined in Title 12.

SCDOR argues the definition of "motor vehicle" in section 56-3-20(2), of Motor Vehicle Registration and Licensing, should be used to clarify its meaning under section 12-36-2110(A).  However, this definition was removed in 2018 by 2017

Act No. 89 (H.3247), § 12.[6]  SCDOR further contends the definition "vehicle" in section 56-3-20(1) is necessary to determine the meaning of "motor vehicle." However, this definition was also removed in 2018.  SCDOR also argues section 56-15-10(a) (Supp. 2021), titled "Regulation of Manufacturers, Distributors, and Dealers," defines "motor vehicle" as "any motor driven vehicle required to be registered pursuant to Section 56-3-110."  Section 56-3-110 (2018) provides that "[e]very motor vehicle . . . driven, operated or moved upon a highway in this State shall be registered and licensed" and "[i]t shall be a misdemeanor for any person to drive, operate or move upon a highway . . . any such vehicle which is not registered and licensed."  SCDOR asserts ATVs and UTVs are not motor vehicles and cannot be registered or licensed; thus, they do not meet the requirements of section 56-3-110 and do not satisfy the definition of motor vehicle as stated in section 56-15-10(a).  As a result, SCDOR asserts Jack's is not entitled to the partial tax exemption provided for in section 12-36-2110(A) because ATVs and UTVs do not meet the statutory definition of "motor vehicle."

The ALC noted that although SCDOR contends ATVs and UTVs are not motor vehicles, ATVs and UTVs can reach speeds of between 65-110 miles per hour, and Jack's sold ATVs and UTVs to customers who intended to operate them on public highways and have done so.  The ALC found that pursuant to section 12-36-2110, the maximum tax applies to both motor vehicles and motorcycles; however, SCDOR did not distinguish between its application of the maximum tax to off-road motorcycles and those driven on the public highways.  Therefore, the ALC noted SCDOR's interpretation of the maximum tax statute attaches an additional requirement to motor vehicles that does not exist for motorcycles.  The ALC also found SCDOR's reliance on the definition of "motor vehicle" in Title 56 was problematic because it governs motor vehicle registration and licensing of vehicles used on public highways, and off-road vehicles, like ATVs and UTVs, are not licensed to operate on highways.[7]  Moreover, the court wrote that restricting the regulation of "motor vehicles" under Title 56 to a subset of vehicles that are driven on the public highways suggests there are other "motor vehicles" that are not driven on the public highways.  The ALC noted that in section 12-36-2110(A)(1)(e), the legislature specifically instructs SCDOR to consult the definitions in Title 56 to determine whether a "house trailer" or a "camper" is

---

[6]  We note the definitions for "motor vehicle" and "vehicle" still remain in section 56-1-10(7) and (28) (Supp. 2022); however, these definitions are not specific to vehicle licensing.

[7]  We again note the definition of "motor vehicle" was removed from section 56-3-20(2) in 2018.

entitled the maximum tax, but it does not direct SCDOR to Title 56 for the definition of "motor vehicle."  The court noted if the legislature had intended for the definitions of Title 56 to be used to determine what a motor vehicle is under section 12-36-110(A)(1)(b), then presumably the legislature would have referenced the definitions found in Title 56, as it did in section 12-36-2110(A)(1)(e).  Further, the court noted the All-Terrain Vehicle Safety Act, also known as Chandler's Law, defines an ATV as "a motorized vehicle designed primarily for off-road travel on low-pressure tires which has three or more wheels and handle bars for steering, but does not include lawn tractors, battery-powered children's toys, or a vehicle that is required to be licensed or titled for highway use."  S.C. Code Ann. § 50-26-20 (Supp. 2022).  Other parts of Title 56 also recognize ATVs as motorized vehicles, thus supporting a broader definition of motor vehicle than what SCDOR argues.  Specifically, section 56-1-10(20) defines an ATV as "a motor vehicle measuring fifty inches or less in width, designed to travel on three or more wheels and designed primarily for off-road recreational use, but not including farm tractors or equipment, construction equipment, forestry vehicles, or lawn and grounds maintenance vehicles."  S.C. Code Ann. § 56-1-10(20) (Supp. 2022).  Finally, Title 39 defines ATVs as "three-and-four-wheeled motorized vehicles, generally characterized by large, low-pressure tires, a seat designed to be straddled by the operator and handlebars for steering, which are intended for off-road use by an individual rider on various types of nonpaved terrain."  S.C. Code Ann. § 39-6-20(7)(d) (2023).  Therefore, the ALC found SCDOR erred when it failed to consider all the statutes that clarify the legislature's viewpoint regarding ATVs, and it held ATVs and UTVs are motor vehicles for the purpose of the maximum tax under section 12-36-2110(A).

"Motor vehicle" was defined in *Gunn v. Burnette*, 236 S.C. 496, 499, 115 S.E.2d 171, 172 (1960):

> The word 'vehicle' is derived from the Latin word 'vehere,' meaning to carry, and Webster defines the noun as that in or on which a person or thing is or may be carried from one place to another, etc.  In 60 C.J.S. Motor Vehicles § 1, p. 109 a motor vehicle is defined as one which is operated by a power developed within itself and used for the purpose of carrying passengers or materials.

*See* 60 C.J.S. *Motor Vehicles* § 1, 118-119 (2012) ("[T]he term "motor vehicle" ordinarily means a vehicle which is self-propelled and is designed primarily for

travel on the public highways even though the vehicle is not one which may legally be self-propelled or operated upon a highway. . . .  Generally, a motor vehicle is a vehicle operated by a power developed within itself and used for the purpose of carrying passengers or materials, and it is commonly defined as including all vehicles propelled by any power other than muscular power except traction engines, road rollers, and such motor vehicles as run only upon rails."); *see also White v. S.C. Dep't of Parks, Recreation & Tourism*, 271 S.C. 91, 94, 245 S.E.2d 125, 127 (1978) (determining under the Tort Claims Act that a tram, a self-propelled vehicle designed to carry passengers that did not operate on highways, comes within the definition of a motor vehicle as defined in *Gunn*); *but see Anderson v. State Farm Mut. Auto. Ins. Co.*, 314 S.C. 140, 143, 442 S.E.2d 179, 181 (1994) (finding for insurance purposes that a farm tractor does not come under the Motor Vehicle Financial Responsibility Act's plain and unambiguous definition of a motor vehicle because it is not "designed for use upon a highway" although it may be incidentally used on a highway).  Merriam Webster's Collegiate Dictionary defines a motor vehicle as an "automotive vehicle not operated on rails." *Merriam Webster's Collegiate Dictionary* 760 (10th ed. 1993).  The American Heritage College Dictionary defines a motor vehicle as a "self-propelled wheeled conveyance, such as a car or truck, that does not run on rails." *Am. Heritage Coll. Dictionary* 891 (3rd ed. 1993); *see Lee*, 352 S.C. at 91-92, 572 S.E.2d at 303 ("Where a word is not defined in a statute, our appellate courts have looked to the usual dictionary meaning to supply its meaning.").

Because Title 12 does not define "motor vehicle," the ALC properly determined it must employ the rules of statutory construction to ascertain and effectuate the intent of the legislature to discern if the maximum tax statute under section 12-36-2110(A) is applicable to ATVs and UTVs.  *See Ferguson Fire*, 409 S.C. at 343, 762 S.E.2d at 567 ("If a statute is ambiguous, the courts must construe its terms."); *Hawkins*, 353 S.C. at 39, 577 S.E.2d at 207 ("The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature."); *CFRE, LLC v. Greenville Cnty. Assessor*, 395 S.C. 67, 74, 716 S.E.2d 877, 881 (2011) (stating the words of a statute must be given their "plain and ordinary meaning without resort[ing] to subtle or forced construction to limit or expand the statute's operation").  A tax exemption statute is strictly construed against the taxpayer claiming the exemption.  *TNS Mills, Inc.*, 331 S.C. at 620, 503 S.E.2d at 476.  "This rule of strict construction simply means that constitutional and statutory language will not be strained or liberally construed in the taxpayer's favor."  *CFRE, LLC*, 395 S.C. at 74, 716 S.E.2d at 881 (quoting *Se. Kusan, Inc. v. S.C. Tax Comm'n*, 276 S.C. 487, 489, 280 S.E.2d 57, 58 (1981)).  "It does not mean that we will search for an interpretation in [SCDOR]'s favor where the plain and

unambiguous language leaves no room for construction." *Id.* "It is '[o]nly when the literal application of a statute produces an absurd result will we consider a different meaning.'" *Id.* at 75, 716 S.E.2d at 881 (quoting *Se. Kusan, Inc.*, 276 S.C. at 489-90, 280 S.E.2d at 58). The clear language of section 12-36-2110(A) does not restrict or condition the exemption to motor vehicles that are used on highways. The dictionary definitions of a motor vehicle are an "automotive vehicle not operated on rails" and a "self-propelled wheeled conveyance, such as a car or truck, that does not run on rails." ATVs and UTVs are motorized, self-propelled, wheeled, and do not run on rails. Further, SCDOR directs us to Title 56, which in section 56-1-10(20) defines an ATV as "a motor vehicle measuring fifty inches or less in width, designed to travel on three or more wheels and designed primarily for off-road recreational use . . . ." Therefore, we find the decision of the ALC that ATVs and UTVs are motor vehicles under section 12-36-2110(A) is supported by substantial evidence. *See Original Blue Ribbon Taxi Corp.*, 380 S.C. at 604, 670 S.E.2d at 676 ("The decision of the [ALC] should not be overturned unless it is unsupported by substantial evidence or controlled by some error of law.").

## II.    Statutory Interpretation

SCDOR argues the ALC erred in failing to give deference to SCDOR's long-standing interpretation of the statute that it is authorized to administer. We disagree.

"An administrative agency has only the powers conferred on it by law and must act within the authority created for that purpose." *SGM-Moonglo, Inc.*, 378 S.C. at 295, 662 S.E.2d at 488. Questions of law are reviewed de novo; however, this court generally gives deference to an agency's interpretation of its own statutes and regulations. *See Blue Moon of Newberry*, 397 S.C. at 260-61, 725 S.E.2d at 483 (stating the construction of a regulation is a question of law that is reviewed de novo); *Brown v. Bi-Lo, Inc.*, 354 S.C. 436, 440, 581 S.E.2d 836, 838 (2003) (recognizing this court "generally gives deference to an administrative agency's interpretation of an applicable statute or its own regulation"). "[T]he construction of a statute by the agency charged with its administration will be accorded the most respectful consideration and will not be overruled absent compelling reasons." *Be Mi, Inc.*, 408 S.C. at 298, 758 S.E.2d at 741 (Ct. App. 2014) (quoting *Brown v. S.C. Dep't of Health & Envtl. Control*, 348 S.C. 507, 515, 560 S.E.2d 410, 414 (2002) (alteration by court)); *Kiawah Dev. Partners, II v. S.C. Dep't of Health & Env't Control*, 411 S.C. 16, 34, 766 S.E.2d 707, 718 (2014) ("[T]he deference doctrine properly stated provides that where an agency charged with administering

a statute or regulation has interpreted the statute or regulation, courts . . . will defer to the agency's interpretation absent compelling reasons. . . .").  While this court typically defers to the agency's interpretation of an applicable statute, we will reject its interpretation where the plain language of the statute is contrary to the agency's interpretation.  *Brown*, 354 S.C. at 440, 581 S.E.2d at 838.  "Words in a statute must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's application."  *Be Mi, Inc.*, 408 S.C. at 298, 758 S.E.2d at 741 (quoting *Epstein v. Coastal Timber Co.*, 393 S.C. 276, 285, 711 S.E.2d 912, 917 (2011)).  Further, although the "construction of a statute by the agency charged with its administration will be accorded the most respectful consideration and will not be overruled absent compelling reasons," an administrative construction "affords no basis for the perpetuation of a patently erroneous application of the statute."  *State v. Sweat*, 386 S.C. 339, 351, 688 S.E.2d 569, 575-76 (2010) (quoting *Dunton v. S.C. Bd. of Exam'rs in Optometry*, 291 S.C. 221, 223, 353 S.E.2d 132, 133 (1987) and *Monroe v. Livingston*, 251 S.C. 214, 217, 161 S.E.2d 243, 244 (1968)).  Courts will reject an agency's interpretation if it conflicts with the statute's plain language.  *CFRE, LLC*, 395 S.C. at 77, 716 S.E.2d at 882.

In 2000, SCDOR issued an advisory opinion that "it is the department's opinion that sales of [ATVs] . . . as described in the facts, are not entitled to the maximum tax under Code Section 12-36-2110."  S.C. Rev. Advisory Bulletin #00-3, 1.  The opinion defined ATVs as "vehicles with three or more wheels designed for off road use.  These vehicles can be titled but cannot be licensed for use on the highways of South Carolina."  In 2018, SCDOR issued a ruling that the maximum tax does not apply to the sale or lease of "[ATVs], legend race cars, golf carts and any other items not meeting the definition of a motor vehicle."  S.C. Rev. Ruling #18-1, 7.

SCDOR argues the ALC erred in not giving deference to its interpretation because Title 12 defines motor vehicle three times as a vehicle that is registered for highway use.[8]  It also argues the ALC relied upon an incomplete definition of

---

[8]  Section 12-28-110(41) (2014 & Supp. 2022), "Motor Fuels Subject to User Fees," provides a "motor vehicle" is "a vehicle that is propelled by an internal combustion engine or motor and is designed to permit the vehicle's mobile use on highways," but "does not include: . . . (c) machinery designed principally for off-road use."  Section 12-54-122(A)(3) (2014), "Uniform Method of Collection and Enforcement of Taxes Levied and Assessed by the South Carolina Department of Revenue," states a "motor vehicle" is "a self-propelled vehicle which is registered for highway use under the laws of any state or foreign country."  Sections 12-37-

"motor vehicle" from the dictionary, and the complete definition supports SCDOR's position that "motor vehicle" is a vehicle that is used upon a highway. SCDOR asserts the Department of Motor Vehicles (SCDMV) is authorized to administer Title 56, and SCDMV issued several publications informing licensed dealers that retail sales of ATVs do not qualify for the partial sales tax exemption.[9] Further, SCDOR states the legislature similarly defined "motor vehicle" in Title 12 and Title 56; thus, these statutes are in pari materia and should be construed together. *See Amisub of S.C., Inc. v. S.C. Dep't of Health and Envtl. Control*, 407 S.C. 583, 598, 757 S.E.2d 408, 416 (2014) ("[S]tatutes dealing with the same subject matter are *in pari materia* and must be construed together, if possible, to produce a single, harmonious result."). SCDOR asserts that under the ALC's interpretation, a lawn mower or battery-powered children's toy would be considered a "motor vehicle" because each are self-propelled and not operated on rails, and courts will not construe a statute in a way that leads to an absurd result. *See Tempel v. S.C. State Election Comm'n*, 400 S.C. 374, 378, 735 S.E.2d 453, 455 (2012) ("This Court will not construe a statute in a way which leads to an absurd result or renders it meaningless."); *Sonoco Prods. Co. v. S.C. Dep't of Revenue*, 378 S.C. 385, 391, 662 S.E.2d 599, 602 (2008) ("We will reject a statutory interpretation when to accept it would lead to a result so plainly absurd that it could not have been intended by the legislature or would defeat the plain legislative intention."). Finally, it argues case law confirms SCDOR's consistent interpretation of section 12-36-2110(A) is entitled to "great weight" because the legislature has not amended the statute since SCDOR issued guidance to the public in 2000. *See Marchant v. Hamilton*, 279 S.C. 497, 500, 309 S.E.2d 781, 783 (Ct. App. 1983) ("Administrative interpretations of statutes, consistently followed by the agencies charged with their administration and not expressly changed by Congress, are entitled to great weight."). SCDOR states the legislature could have amended the maximum tax statute when it enacted Title 50, Chapter 26 (the All-Terrain Motor Vehicle Safety Act, referred to as "Chandler's Law") in 2011 if it intended to make retail sales of ATVs subject to the maximum sales tax.

The ALC found SCDOR's interpretation was not entitled to deference for several reasons. First, SCDOR argued its resort to Title 56 for a definition of "motor

2810(B), (C) and (D) (Supp. 2022), "Assessment of Property Taxes," provide motor vehicles as being used for the transportation of property on a highway.

[9] In SCDMV's "Dealer Connection" publications from August 2017 and February 2018, dealers were informed that ATVs purchased prior to November 19, 2018, were not subject to the maximum sales tax of $300 and the dealers must remit sales tax to SCDOR.

vehicle" was no different from SCDOR turning to a dictionary for the definition; however, the ALC held SCDOR cannot create a flawed definition that is unsupported by the dictionary and apply that definition to its interpretation of the statute and then claim it is entitled to deference.  Second, although SCDOR is entitled to deference to its interpretation of statutes in Title 12 because it administers the statutes, it is not permitted to bootstrap its own interpretation of Title 56 to its interpretation of Title 12 because Title 56 is administered by SCDMV.  Further, SCDOR ignores the dictionary definition of "motor vehicle" and the plain language defining ATVs as "motor vehicles" in Chandler's Law, both of which are contrary to its interpretation.  The ALC notes SCDOR is not insulated from a finding that its interpretation is erroneous just because its interpretation is long-standing.

Because we already found the ALC correctly determined ATVs and UTVs are motor vehicles under section 12-36-2110(A), we also find the ALC correctly found SCDOR's interpretation of section 12-36-2110(A) was not entitled to deference. *See Brown*, 354 S.C. at 440, 581 S.E.2d at 838 (holding that while this court typically defers to the agency's interpretation of an applicable statute, we will reject its interpretation where the plain language of the statute is contrary to the agency's interpretation); *Be Mi, Inc.*, 408 S.C. at 298, 758 S.E.2d at 741 ("Words in a statute must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's application." (quoting *Epstein*, 393 S.C. at 285, 711 S.E.2d at 917)); *CFRE, LLC*, 395 S.C. at 77, 716 S.E.2d at 882 (stating courts will reject an agency's interpretation if it conflicts with the statute's plain language).  We also find the ALC correctly found SCDOR is not entitled to deference of its interpretation of Title 56, which is administered by SCDMV, not SCDOR.  *See Brown*, 354 S.C. at 440, 581 S.E.2d at 838 (recognizing this court generally gives deference to an administrative agency's interpretation of an applicable statute).  Further, SCDOR's arguments that the ALC erred in not giving deference to its interpretation because Title 12 defines motor vehicle three times as a vehicle that is registered for highway use and the ALC relied upon an incomplete definition of "motor vehicle" from the dictionary were not raised to or ruled upon by the ALC; thus, they are not preserved for our review. *See Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("It is well-settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review.").

**III.  Chandler's Law**

SCDOR argues the ALC erred in considering Chandler's Law to ascertain the intent of the South Carolina Legislature regarding a partial tax exemption statute. We already found the ALC did not err in finding ATVs and UTVs are motor vehicles under section 12-36-2110(A) because the substantial evidence supports its decision. Therefore, we need not reach this issue. *See Hagood v. Sommerville*, 362 S.C. 191, 199, 607 S.E.2d 707, 711 (2005) (declining to address an issue when the resolution of a prior issue is dispositive).

**CONCLUSION**

Accordingly, the order of the ALC is

**AFFIRMED.**

**WILLIAMS, C.J., and LOCKEMY, A.J., concur.**